**Dennis M. ANDERSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

June 24, 1977.

Certiorari Denied by Supreme Court
Aug. 29, 1977.

Richard B. Gossett, Wayne E. Thomas, Chattanooga, for appellant.

Brooks McLemore, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Jerry S. Sloan, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

DWYER, Judge.

## OPINION

The appellant appeals the trial court's order revoking his suspended sentence and ordering that sentence to run consecutive with the sentence for the subsequent criminal conduct that brought about the revocation.

The appellant pled guilty to committing the offense of joyriding, T.C.A. 59–504, in Division I of the Hamilton County Criminal Court on February 12, 1976. He received a sentence of not less nor more than one year. This sentence was suspended by the trial court on the recommendation of the State. The appellant was placed on probation for five years conditioned on his good behavior.

On November 30, 1976, in Division III of the Hamilton County Criminal Court the appellant entered a plea of guilty to committing the offense of burglary in the third degree, T.C.A. 39–904 and was sentenced to be confined for not less than three years nor more than three years.

The State then petitioned for the revocation of the suspended sentence given the appellant in the joyriding conviction premised on the burglary third degree conviction and requested by written motion that the joyriding offense sentence be served consecutive to the sentence for the burglary conviction.

After a hearing on the matter on January 13, 1977, the trial court of Division I granted both the petition and the motion of the

State, revoked the joyriding conviction sentence and ordered that sentence to run consecutively with the burglary sentence as imposed.

The appellant contends that the trial court's ordering the sentence for joyriding to be served consecutive to the burglary sentence goes beyond the penumbra of the tenets of *Gray v. State*, Tenn., 538 S.W.2d 391 (1976), in which our Supreme Court conditioned the imposition of consecutive sentences.

We think *Gray v. State*, supra, is not controlling in this case for the holding in *Gray* came into force and effect when there were multiple indictments consolidated in a single trial with verdicts of guilty as to different offenses flowing from one trial. We further think that the tenets of the *Gray* court authorize the trial court to impose consecutive sentences under the facts found in this record. Mr. Justice Fones in his dissertation on imposition of consecutive sentences had this to say:

> ". . . Essentially, a consecutive sentence should be imposed only after a finding by the trial judge that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant." 538 S.W.2d at 393.

It is obvious from this record such a decree is applicable to the appellant's conduct here. The trial court, however, ordered the sentence to be served consecutively under the dictates of T.C.A. 40–2906:

"40–2906. Revocation of suspension.— The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as mentioned in § 40–2907, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly; provided, however, that in any case of revocation of suspension on account of conduct by the defendant which has resulted in a judgment of conviction against him during his period of probation, the trial judge may, in his discretion, order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence which was imposed upon said conviction."

The trial court had authority to order the sentence first imposed to be consecutive to the subsequent conviction which triggered the revocation of appellant's suspended sentence. It is self-evident from this record that the subsequent offense predicated the court's discretion to run the sentences consecutively. We affirm that judgment.

WALKER, P. J., and TATUM, J., concur.