**Wayne FOX, Petitioner,**

v.

**Michael DUTTON, etc., et al.,
Respondents.**

**Civ. A. No. 3:84–0890.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 23, 1984.

Wayne Fox, pro se.

W.J. Michael Cody, Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER, AND CERTIFICATE

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. Wayne Fox filed *pro se* an application for the federal writ of habeas corpus, claiming that he is in the custody of the respondent-warden within this District pursuant to the judgment of January 20, 1982 of the Circuit Court of Polk County, Tennessee, within the East-ern District of Tennessee, in violation of the federal Constitution, Fifth Amendment, Double-Jeopardy Clause.[1] 28 U.S.C. § 2254(a). He asserts that, by applying to the aforenamed Court for the same relief he seeks here and to the Supreme Court of Tennessee unsuccessfully for a writ of mandamus to cause such aforenamed Court "to hear the habeas corpus petition," he has established the existence of circumstances which render the corrective process of Tennessee ineffective to protect his rights as a prisoner. 28 U.S.C. § 2254(b).

The precise contention of the applicant is difficult to decipher; but it appears he pleaded guilty in 1980 before the Court of General Sessions of Polk County, Tennessee to the crimes of "hit-and-run and traffic violations" and waived extradition to the state of Georgia under a plea-bargain in exchange for a sentence of imprisonment of six months which was suspended; that he was arrested on August 27, 1981, after the expiration of such suspended sentence,[2] sentenced subsequently by the Circuit Court of Polk County, Tennessee to a term of imprisonment of not less than one nor more than three years on his plea of guilty to the crime of joyriding and to serve consecutively thereto the aforementioned allegedly expired suspended sentence of six months. His claim is that he is entitled to aggregate sentences of six months less than from one year to three years.

There is no violation of the federal Double-Jeopardy Clause implicated in this claim. Indubitably, the state of Tennessee was obliged to observe its prohibition, *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062[9], 23 L.Ed.2d 707 (1969), *overruling Palko v. Connecticut*, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937); but, " * * * the Double Jeopardy Clause 'prohibits merely punishing twice, or attempting to punish criminally, for the same of-

---

1. "No person shall * * * be subject for the same offence to be twice put in jeopardy of * * * limb * * *." Constitution, Fifth Amendment, *supra.*

2. The applicant was required to " * * * set forth in summary form the facts supporting * * * " the ground(s) he claimed for relief, Rule 2(c), 28 U.S.C. fol. § 2254, and not rely on such conclusory statements which were not sufficiently substantiated with actual facts.

fense.' * * * " *United States v. Wilson,* 420 U.S. 332, 345, n. 13, 95 S.Ct. 1013, 1022, n. 13[15], 43 L.Ed.2d 232 (1975). " * * * [T]wo offenses are 'the same' for double jeopardy purposes unless each requires proof of an additional fact that the other does not. * * * " *Jeffers v. United States,* 432 U.S. 137, 151, 97 S.Ct. 2207, 2216[5], 53 L.Ed.2d 168 (1977), *reh. den.,* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 164 (1977). Obviously, the proof of entirely different facts was required for the crimes of "hit-and-run and traffic" offenses as were required for the crime of joyriding.

The applicant does not favor the Court with any allegation regarding the specific date in the year 1980 in which his six-months' suspended sentence commenced to run; if that sentence had not expired when the applicant was convicted of yet other crimes, the trial judge was empowered to revoke and annul such suspension. T.C.A. § 40–21–106 ("in any case of revocation or suspension [of sentence] on account of conduct by the defendant which has resulted in a judgment of conviction against him during his period of probation, the trial judge may * * * order that the term of imprisonment imposed by the original judgment be served consecutive[ly] to any sentence which was imposed upon said conviction.") *See* and *cf. Anderson v. State,* 554 S.W.2d 660 (Tenn.Crim.App.1977), *cert. den.* by S.Ct. of Tenn. (1977) (where defendant was given a suspended sentence for joyriding and was convicted subsequently of third-degree burglary, the trial court had authority to revoke the suspension of the joyriding sentence and order it to run consecutively with the burglary sentence.)

It appears plainly from an examination of the face of the applicant's petition during preliminary consideration that the petitioner is not entitled to relief in this Court, Rule 4, 28 U.S.C. fol. § 2254, and this Court is required to and does make the following orders:

1. the petition herein hereby is DISMISSED summarily, *id.;*

2. the clerk shall so notify the petitioner forthwith, *id.;* and,

3. the clerk shall serve forthwith upon the respondent-warden and the attorney general and reporter of Tennessee by certified mail copies of such petition and of this order, *id.*

Should the petitioner give timely notice of an appeal from the order and judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P., which, under the circumstances, shall ISSUE, *id.*