STATE of Tennessee, Appellee,

v.

Melvin BROWN, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

June 10, 1987.

Ann Lacy Johns, Asst. Atty. Gen., Norma Crippen Ballard, Asst. Atty. Gen., John W. Overton, Jr., Asst. Dist. Atty. Gen., for appellee.

Walker Gwinn, Memphis, for appellant.

## OPINION

BIRCH, Judge.

The defendant, Melvin Brown, was convicted by jury in two cases, tried separately, of passing worthless checks over $100. The trial judge sentenced him as a persistent offender, Range II, to eight and one-half (8½) years imprisonment in each case, with the sentence in the second consecutive to the first. In both cases, he raises two issues:

1. The sufficiency of the evidence
2. The length of the sentences

Much of the testimony is the same in each case, and we have therefore consolidated the two cases for discussion and decision.

### THE SUFFICIENCY OF THE EVIDENCE

On December 21, 1984, the defendant, Melvin Brown, submitted the appropriate application to the Commercial and Industrial Bank in Memphis, and was assigned checking account number 041257544. His initial deposit was $100. He selected check style and binder, and the bank provided him with checks. No additional funds were ever credited to this account.

In the trial of the first case, Karen Taylor, an employee of Central Hardware Store, identified the defendant as the person who gave her a check for $196.06 on June 29, 1985. She was positive of her identification because she had obtained a driver's license number as well as a social security number from the defendant when she accepted the check.

Brenda Rounds, also employed at the Central Hardware Store, testified that the defendant gave her a check for $110 on

June 30, 1985. She was positive of her in-court identification of the defendant.

The second case was based on the testimony of Alvin Westbrooks that the defendant gave him a check for $358.68 on July 8, 1985, in payment for services rendered. He was a contract worker for Sears, and the check was payable to Sears.

Not one of the checks was honored, the accounts having been closed on January 18, 1985, some six months or so before the first check was passed.

The defendant testified in each case, emphatically denying any connection with the account, the checks, or the transactions. Though vague and uncertain regarding his prior convictions, he admitted having been convicted of at least four felonies occurring within a ten-year period immediately preceding the commission of the instant offense.

The defendant contends that the proof is insufficient to support convictions for passing worthless checks in an amount greater than $100. When the sufficiency of the evidence is challenged, the standard for appellate review is whether, after considering the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime of passing a worthless check over $100 beyond a reasonable doubt. On appeal, the state is entitled to the strongest legitimate view of the evidence, and all reasonable and legitimate inferences which may be drawn from the proof. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). In a criminal action, a conviction will be set aside only where the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tennessee Rules of Appellate Procedure 13(e). In a jury trial, a guilty verdict, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in testimony in favor of the theory of the state. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978).

The defendant contends that the proof is not sufficient to support the jury verdicts because the witnesses relied on recollections older than one year, because there was no line-up, because the state's identification proof was "weak and shakey", and because the defendant denied all involvement.

■ The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the testimony, however, are matters entrusted exclusively to the jury as the triers of fact. *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn.Crim.App. 1978). The juries in these cases chose to accredit the testimony of the prosecution witnesses and reject the testimony of the defendant. The evidence fully supports their verdicts. We conclude that any rational trier of fact could have found the essential elements of the crimes of passing a worthless check over $100 beyond a reasonable doubt. *See* Tenn.Code Ann. § 39–3–301 (1982). The evidence of the defendant's guilt in each case more than satisfies the standard prescribed in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and Tennessee Rules of Appellate Procedure 13(e).

## LENGTH OF SENTENCE

Secondly, the defendant insists that his sentences were excessive and should be modified. He argues not only that each sentence was excessive, but also that they are cumulatively excessive. The defendant does not question the finding of the trial judge that he is a persistent offender and thus punishable in Range II.

Challenges to the length of sentence require this court to conduct a *de novo* review of the sentence without a presumption of correctness. Tenn.Code Ann. § 40–35–402(d) (1982). This *de novo* review must include a consideration of the following:

1. The evidence, if any, received at the trial and sentencing hearing;

2. The pre-sentence report;

3. The principles of sentencing and arguments as to sentencing alternatives;

4. The nature and characteristics of the criminal conduct involved;

5. Evidence and information offered by the parties on the mitigating and enhancement factors in Tenn.Code Ann. §§ 40–35–110 and 40–35–111 (1982); and

6. Any statement the defendant wishes to make in his own behalf about sentencing. (*See generally*, Tenn.Code Ann. §§ 40–35–102, 40–35–111, 40–35–210 (1982)).

The trial judge found the defendant to be a persistent offender based on his prior criminal record, his history of unwillingness to comply with the conditions of a sentence involving release in the community, and the need for deterrence.

The trial judge also found as mitigating factors that the defendant's criminal conduct neither caused or threatened serious bodily injury and that the defendant did not contemplate that his criminal conduct would cause or threaten serious bodily injury. The defendant asserts that because the crimes were non-violent, because of his age, and because his criminal conduct has generally been non-violent, he should receive the minimum Range II sentence of seven (7) years in each case.

Additionally, the defendant points out that the most severe penalty he could have received for other types of larceny or fraud involving less than $200 would have been five (5) years, thus inviting speculation as to the reason why a Range II offender who steals $101 is exposed to punishment of three to five years, while the same Range II offender who writes a worthless check for $101 is exposed to punishment of seven to ten years.

That distinction is, of course, one which has been created by the legislature and over which the court has no control. *Compare and contrast* Tenn.Code Ann. §§ 39–3–1101, 39–3–1105 (1982), defining grand and petit larceny of more and less than $200, with Tenn.Code Ann. § 39–3–308 (1982), setting out the penalty for the offense involved here.

It is clear that the defendant is a persistent offender who must be sentenced within Range II from seven to ten years in each case.

Once the applicable range has been determined, the court must then impose a determinate sentence within that range. The record supports the findings of the trial judge as to enhancement and mitigating factors, The weight accorded enhancement or mitigating factors is determined by balancing relative degrees of culpability within the totality of the circumstances of the case involved. *State v. Moss*, 727 S.W.2d 229 (Tenn.1986), opinion filed at Knoxville, October 20, 1986.

■ We have conducted a *de novo* review on the record, have weighed both enhancement and mitigating factors, have considered the evidence adduced at both trials and sentencing hearings, and have evaluated the nature of the criminal conduct involved. We find that a sentence of seven (7) years in each case is appropriate. Such sentence is "... no greater than that deserved for the offense committed", Tenn. Code Ann. § 40–35–103(2) (1982) it is "... the least severe measure necessary to achieve the purposes for which the sentence is imposed", Tenn.Code Ann. § 40–35–103(4) (1982); and, in the opinion of this court, it is the sentence which the defendant deserves in relation to the seriousness of the offense.

■ We agree with the trial judge's finding that the defendant is a persistent offender as defined in *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976), and that consecutive sentencing is justified in these cases.

We therefore affirm both convictions but reduce the sentences to seven (7) years, for an effective sentence of fourteen (14) years. The judgment of the trial court is affirmed as modified.

DWYER and DAUGHTREY, JJ., concur.