STATE of Tennessee, Appellee,

v.

Carl William MASSENGILL, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 11, 1988.

Permission to Appeal denied by Supreme Court May 2, 1988.

W.J. Michael Cody, Atty. Gen., Bettye Springfield–Carter, Asst. Atty. Gen., Robert L. Jolley, Jr., Asst. Dist. Atty. Gen., for appellee.

William L. Waters, Knoxville, for appellant.

## OPINION

BIRCH, Judge.

Defendant was convicted following a jury trial in the Criminal Court of Knox County, the Honorable George P. Balitsaris, presiding, of burglary first degree and grand larceny. He received sentences of ten years and seven years, respectively, to be served consecutively.

He appeals as of right, raising as issues for our review:

1. The sufficiency of the evidence;
2. The admissibility of testimony regarding marijuana plants;
    and
3. Whether consecutive sentencing was proper.

We have considered these issues and affirm the judgment in all respects except as to the matter of consecutive sentencing.

Summarizing the facts, Fred Simpson returned home to find items such as coins, firearms, bows and arrows, two cartons of "Marlboro Light" cigarettes, video recorder, jewelry, clothing, and a motorcycle missing. He estimates the total loss to be $10,000 to $12,000. He and a detective followed a trail, apparently used by the burglar, which led underneath a fence, through briers, to an abandoned barn owned by defendant's parents. There they found much of Mr. Simpson's stolen property. While searching, they also discovered marijuana plants growing near the barn. Defendant's black hat was found on the trail close to a gun belonging to the victim. The defendant was observed near the scene while the burglar alarm was ringing.

The same morning, defendant's mother permitted the detective to search defendant's room, where he discovered nine unopened packs of "Marlboro Lights" cigarettes. As he was searching the room, the defendant arrived at the house. His pants appeared to be wet at the knee and below, and his arms were scratched and abraded.

Defendant denied any involvement in the burglary. He identified the black hat as his, and explained that he had lost it the day before the burglary occurred while chasing a calf. He says that his pants got wet while walking home up an old "log" road. Other defense witnesses supported defendant's alibi, testified that defendant smokes "Marlboro Lights" cigarettes, and corroborated a calf-chasing incident and the route taken by the defendant to get to his house that morning.

State's witnesses called in rebuttal said that the defendant walked home via Hill Road (as opposed to the old "log" road) the morning of the incident.

### Sufficiency of the Evidence

The defendant contends that the proof is insufficient to support convictions for burglary first degree and grand larceny. When the sufficiency of the evidence is challenged, the standard for appellate review is whether, after considering the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. On appeal, the state is entitled to the strongest legitimate view of the evidence, and all reasonable and legitimate inferences which may be drawn from the proof. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). In a criminal action, a conviction will be set aside only where the reviewing court finds that the "evi-

dence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tennessee Rules of Appellate Procedure 13(e). In a jury trial, a guilty verdict, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in testimony in favor of the theory of the state. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978).

■ The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the testimony, however, are matters entrusted exclusively to the jury as the triers of fact. *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn. Crim.App.1978). The jury in this case chose to accredit the testimony of the prosecution witnesses and reject the testimony of the defendant. The evidence fully supports their verdict. We conclude that any rational trier of fact could have found the essential elements of the crimes of burglary first degree and grand larceny beyond a reasonable doubt. *See* Tenn.Code Ann. §§ 39-3-401 and 39-3-1101. The evidence of defendant's guilt in each case more than satisfies the standard prescribed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and Tennessee Rules of Appellate Procedure 13(e).

We find no merit to this issue.

### Evidence Concerning Marijuana

■ Defendant next insists that testimony regarding marijuana plants found growing on property belonging to his parents near where the stolen property was recovered was irrelevant and should not have been admitted. He bases this insistence on principles of relevancy and cites *Bunch v. State,* 605 S.W.2d 227 (Tenn.1980). The holding in *Bunch* does not apply to these facts. In *Bunch,* the proof clearly showed that the defendant committed a crime other than the one for which he was on trial, but in the context of the case, the proof was relevant, probative, and admissible on a matter actually in issue.

In the instant case, there was no effort to link the defendant to the marijuana.

Moreover, the trial judge remarked while overruling a related objection:

> Well, the marijuana plants have not been connected with anybody, and I believe the jury understands that.
>
> This is what they did, and what they found, but there is no implication, or inference, whatsoever, that the defendant had anything to do with those marijuana plants. My goodness, I think you can find them all over Knox County, if you look hard enough.

This evidence had no probative value and would have been better excluded. However, there was never any connection shown, nor attempted to be shown, between the defendant and the marijuana.

This constitutes harmless error at best. Tenn.R.Crim.P. Rule 52(a).

This assignment of error is without merit.

### Consecutive Sentencing

■ The defendant, in his last assignment of error, argues that the trial judge should have ordered the sentences concurrent rather than consecutive. We agree.

In announcing his reasons for consecutive sentencing, the trial judge pointed to the fact that the defendant had a prior record and observed that the amount of property stolen in this case was great ("you just practically wiped, tried to wipe out these people; stole everything that wasn't screwed or nailed down").

While these reasons would support enhancement of the length of the individual sentences imposed on the defendant,[1] they are not sufficient to support consecutive sentences under *Gray v. State,* 538 S.W.2d 391 (Tenn.1976), which controls the latter determination.

Moreover, we find nothing in the record that would put the defendant into one of the *Gray* categories. Hence, we have no choice but to order that his sentences be served concurrently.

---

1. Tenn.Code Ann. § 40-35-111(1) and (6).

The judgment of the trial court is affirmed as modified.

DAUGHTREY and BYERS, JJ., concur.