Eugene GRAY, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

June 1, 1976.

Walker Gwinn, Asst. Public Defender, Memphis, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for respondent.

## OPINION

FONES, Justice.

We granted certiorari in this cause to consider criteria to be utilized by the trial courts of this State when sentencing defendants convicted of multiple offenses to consecutive sentences.

On November 19, 1974, petitioner was convicted on two (2) counts of armed robbery committed against an employee and a customer of the Jet Food Store in Memphis. Both of the crimes were committed at the same time and place. The trial judge sentenced petitioner to serve ten (10) years in each case with the sentences to run consecutively. He gave no reasons for the consecutive sentencing, and nothing appears in the record to indicate the rationale for such sentencing.

T.C.A. § 40–2711 provides as follows:

"When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge; provided, that the exercise of the discretion of the trial judge shall be reviewable by the Supreme Court on appeal."

Thus, the trial judge has the discretion to determine whether to sentence an individual to concurrent or consecutive sentences, and that decision is reviewable by the appellate courts of this State. There have been, however, no guidelines set out for the trial judge to utilize in exercising his discretion; and there has been no way for this Court to determine if there has been an abuse of discretion, which we are required

to review on appeal. As it is mandatory that we review the action of trial judges in determining whether to sentence consecutively or not, by this opinion we will establish objective criteria which will aid the trial judges in sentencing procedures, and which will enable this Court and the Court of Criminal Appeals to review the exercise of discretion by those judges pursuant to T.C.A. § 40–2711.

We reject petitioner's argument that in determining whether to sentence a defendant to consecutive sentences, the trial judge is required to take into consideration the fact that all of the offenses arose out of one single criminal episode or were inspired by the same general intent and minutely limited in both time and space. See the Model Sentencing Act § 22, and N.Y. Penal Law, § 70.25(2).

Rather than engulf the courts of this State in the tangled labyrinth of the single criminal episode concept, which we feel is irrelevant to a determination of whether to impose consecutive sentencing, we view the situation as demanding an approach which will best protect the interests of society. Essentially, a consecutive sentence should be imposed only after a finding by the trial judge that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.[1]

Types of offenders for which consecutive sentencing should be reserved may be classified as follows: (1) the persistent offender, defined as one who has previously been convicted of two felonies or of one felony and two misdemeanors committed at different times when he was over eighteen (18) years of age; (2) the professional criminal, one who has knowingly devoted himself to criminal acts as a major source of livelihood or who has substantial income or resources not shown to be derived from a source other than criminal activity; (3) the multiple offender, one whose record of criminal activity is extensive; (4) the dangerous mentally abnormal person, so declared by a competent psychiatrist who concludes as a result of a presentence investigation that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior or by persistent aggressive behavior with heedless indifference to consequences;[2] and (5) the dangerous offender, hereinafter defined.

The prior record of the persistent offender will indicate that he is one not likely to be rehabilitated and should be incarcerated under consecutive sentences for the protection of the public. The same may be said for the professional criminal. The prior record of the multiple offender may have been good, but the crimes for which he has been convicted indicate criminal activity so extensive and continuing for such a period of time as to warrant consecutive sentencing. See Sentencing Alternatives and Procedures, § 3.4, Comment C; Model Penal Code, § 7.03. The object is to use consecutive sentencing, where appropriate, to protect society from those who are unwilling to lead a productive life and resort to criminal activity in furtherance of their anti-societal lifestyle.

A defendant may be classified as a dangerous offender if the crimes for which he is convicted indicate that he has little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. This does not mean that all defendants convicted of several counts of a dangerous offense, such as armed robbery, should be consecutively sentenced. Even though armed robbery is a dangerous offense, there are increased penalties for that crime. The decision to impose consecutive sentences when crimes inherently dangerous are involved should be based upon the presence of aggravating circumstances and not merely on the fact that two or more dangerous crimes were committed. However, this does not preclude the trial court from imposing consecu-

---

1. See Sentencing Alternatives and Procedures, § 3.4(b)(IV), American Bar Association Project on Standards for Criminal Justice (1968).

2. The foregoing definitions are consistent with those of the Model Penal Code, § 7.03.

tive sentencing for the commission of dangerous offenses where no aggravating circumstances are present if evidence indicates that the defendant should be sentenced under one of the other classifications.

In the case at bar, the trial judge ordered petitioner's sentences to run consecutively; however, there is nothing in the record to indicate the factors he considered in exercising his discretion. The case is remanded to the Criminal Court of Shelby County with instructions to the trial judge to include in the record those factors which he considered in ordering petitioner's sentences to be served consecutively.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.