Ben F. HUDDLESTON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 5, 1978.

Certiorari Denied by Supreme Court Dec. 29, 1978.

Harold W. McLeary, Jr., Humboldt, for appellant.

Brooks McLemore, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, A. H. Schoonover, Asst. Dist. Atty. Gen., Trenton, for appellee.

## OPINION

DWYER, Judge.

This is a delayed appeal from two convictions for committing the offense of robbery with a deadly weapon, T.C.A. 39–3901, with resulting punishment of confinement for ten years, and for committing the offense of assault with intent to commit voluntary manslaughter, with resulting punishment of confinement for not less than two nor more than two years. This delayed appeal is the aftermath of a post-conviction proceeding wherein the trial court of Gibson County determined that appellant was denied his appeal because of indigency.

There are six assignments of error contending that the conviction was had contrary to the law. In his first assignment of error he contends that the two criminal offenses, robbery and assault to commit murder in the first degree, were the result of one criminal episode and that the same evidence is required to make out both offenses. His second assignment of error contends that running the sentences consecutive was astray of the holding of *Gray v. State*, 538 S.W.2d 391 (Tenn.1976). The third assignment of error contends the trial court erred in allowing a police officer to testify over objections that the victim of the robbery identified the appellant as the robber. The fourth assignment of error is that the trial court erred in allowing the police officer to testify as to the victim's prior identification of the automobile used in the commission of the criminal offenses. The fifth assignment of error is that the trial court erred in allowing the cross examination of a defense witness by the State's attorney regarding statements and gestures made by a third person who was not a witness at the trial and whose testimony was not otherwise introduced at trial. The sixth assignment of error contends that the trial court erred in allowing the State's attorney to cross examine a defense witness with regard to a weapon that was not presented in evidence and which weapon was not shown to be involved in the alleged commission of the criminal offense for which the appellant was tried. While there is no assignment of error attacking the sufficiency of the evidence, we will briefly narrate the facts as found from our review of this record.

A John Mehr, testifying for the State, related that he was an undercover agent for the T.B.I. in Gibson County; that in June of 1975, he met a Charles Pirtle and attempted to buy drugs from him and by prearrangement he followed Pirtle to Humboldt in order to meet a man to acquire the drugs. In Humboldt Pirtle pointed out the appellant as the drug seller and talked with him. Pirtle and the appellant then called Mehr over and discussed the sale of drugs. Mehr agreed to ride with the appellant and Pirtle to the appellant's "stash". They rode in a 1965 blue four-door Chevrolet which was driven by the appellant. The right front door of the car did not close properly and the back seat was torn at the time. The evidence later reflected that this car belonged to appellant's father. At a deserted intersection some miles outside of Hum-

boldt they stopped the car ostensibly so that Pirtle could go to the restroom. When Pirtle returned to the car he and appellant grabbed Mehr and the two of them proceeded to beat him about the head and body. They took Mehr's revolver, knife, a gold watch, and approximately $98. During the struggle Mehr suffered a head wound which bled in the car. They then pulled Mehr from the automobile, tied his hands and feet together and left him lying alongside the road. As they drove away a shot was fired at Mehr which hit within four to six feet from him. The appellant testified and denied the robbery and the assault on Mehr. There were other witnesses called by appellant, one being Pirtle who testified that the appellant did not participate in the robbery and the assault. The father, mother, and brother of the appellant testified that Mehr had at first identified the younger brother of appellant as his assailant.

The first assignment of error: this assignment of error has been laid to rest with the advent of *State v. Black*, 524 S.W.2d 913 (Tenn.1975). Our Supreme Court in that authority dispatched a similar contention as urged by the appellant in this assignment. It is accordingly overruled.

■ The second assignment of error: while it is true this record does not conform to the *Gray v. State*, 538 S.W.2d 391 (Tenn. 1976) standard as to the imposition of consecutive sentences that, however, does not answer the question. The convictions of appellant in the case sub judice were rendered on October 28, 1975, and *Gray* was not handed down until June 1, 1976. We decline to hold *Gray* retroactive. There is no merit in this assignment. It is accordingly overruled.

■ The third assignment of error: with the appellant's cross examination attempting to impeach the victim, that he identified appellant's brother as his assailant, it was not error for the trial court to allow the officer to testify on direct examination that the victim Mehr identified appellant at the time of his arrest and not his brother. Unlike *Blankenship v. State*, 1 Tenn.Cr.App. 178, 432 S.W.2d 679 (1967), in that authority

the objectionable identification was not in the presence of the appellant as was here. This assignment is overruled.

■ The fourth assignment of error: we think that it was error for the officer to testify that the photographs of the automobile represented the car as identified to him by Mehr. We think this was harmless and did not affect the results. T.C.A. 27–117. This assignment of error is overruled.

■ The fifth and sixth assignments of error: the State's cross examination of the appellant's mother, wherein it was developed that the father of appellant had to be restrained from attacking Pirtle at appellant's house during his son's arrest, and the questions of the State's attorney regarding a pistol that was recovered from appellant's house, with neither event relating to the guilt or innocence of the appellant, there was no error. These assignments are overruled.

The judgment of the trial court is affirmed.

DUNCAN and BYERS, JJ., concur.