Lewis H. **ROLIN** and David H. Snider, Appellants,

v.

**STATE** of Tennessee, Appellee.

Nos. 2273 and 2274.

Court of Criminal Appeals of Tennessee, at Nashville.

April 3, 1979.

Donald P. Harris, Franklin, for appellant Rolin.

Richard A. Buerger, Franklin, for appellant Snider.

William M. Leech, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, Elmer D. Davies, Jr., Dist. Atty. Gen., Joseph D. Baugh, Jr., Asst. Dist. Atty. Gen., Franklin, for appellee.

## OPINION

DAUGHTREY, Judge.

The defendants-appellants, Rolin and Snider, pleaded guilty to petit larceny in two separate cases and received one year sentences in each case.

At the guilty plea hearing on June 21, 1978, the question of concurrent-consecutive sentencing arose, and in this connection, the related issue of the defendants' prior criminal record was raised. The defendants' attorneys indicated they had no knowledge other than "what my client advised me." The prosecutor then suggested that a pre-sentence report would be helpful, and the trial judge concurred. He ordered the matter continued to the next motion day, which apparently was July 7, 1978. Rolin's attorney asked whether the defendants would need to be present at that time, and the judge responded, "I think they should be present. We might want them to testify." Nevertheless, the record shows that when the case was called on July 7, the defendants were not present, but that the trial judge announced his decision to run the sentences consecutively anyway.

The record also fails to show any offer of proof on the question of sentencing at the June 21 hearing, nor any objection to the defendants' absence by defense counsel at the July 7 hearing. They nevertheless insist that the defendants had a right to be present on July 7, and further, that they had a right to be heard at that time. They contend that the trial judge violated these rights and that the case should be remanded for a full hearing.

We note that the sentencing order was actually entered on July 12, 1978. In that order, the trial court ruled, based on the information contained in the pre-sentence reports, that the defendants were "persistent and professional criminals as defined in *Gray v. State,* 538 S.W.2d 391 (Tenn.1976)." He therefore ordered the sentences to be served consecutively to each other and to sentences then being served by the defendants in Davidson County.

We hold that the record is not sufficient to sustain the defendants' contention that their rights in this matter have been violated. It appears, superficially at least, that they had the opportunity to present evidence on the sentencing question at the June 21 hearing and that they failed to do so. Furthermore, this Court has held that a criminal defendant has no right to be present at the time the consecutive sentencing order is entered, so long as he was

present when the judgment was announced and the trial court imposed sentences on his guilty plea. *Jessie James McMahan v. State of Tennessee,* Court of Criminal Appeals at Knoxville, released July 26, 1977.

Finally, we have reviewed the pre-sentencing reports in this case, and they show an extensive record of arrests and convictions in Davidson County for both Rolin and Snider. Thus it appears highly unlikely that the defendants' presence or their testimony on July 7 would have produced a different result on the question of consecutive sentencing.

The judgment of the trial court is affirmed.

O'BRIEN and BYERS, JJ., concur.