**STATE of Tennessee, Appellee,**

v.

**Vickie Dawn KENNEDY, Appellant.**

Court of Criminal Appeals of Tennessee, Nashville.

Dec. 6, 1979.

Charles Galbreath and Mark A. Schneider, Terry Earl McNabb, Nashville, for appellant.

William M. Leech, Jr., State's Atty. Gen., William O. Kelly, Asst. State's Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Victor Johnson, III, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

The defendant was indicted along with two others on charges of first (1st) degree murder, armed robbery (2 counts), and assault with intent to commit first (1st) degree murder. The other two defendants were granted severances. After a jury trial, the defendant was found guilty on both counts of armed robbery, voluntary manslaughter, and assault with intent to commit voluntary manslaughter. She received sentences of ten (10) years on each of the armed robbery convictions, four (4) to ten (10) years on the voluntary manslaughter conviction, and one (1) to two (2) years on the conviction for assault with intent to commit voluntary manslaughter. The armed robbery sentences were set to run consecutively; the other sentences were all set to run concurrently with each other and with the sentences for armed robbery.

The defendant does not challenge the sufficiency of the evidence, therefore a lengthy recitation of the facts is unnecessary. Suffice it to say that the proof shows the defendant and the two others committed a series of armed robberies in the Nashville area. The last of these robberies resulted in the murder of a man who tried to capture the defendant's accomplices. The defendant was driving the getaway car.

The defendant says the trial judge erred in ordering the armed robbery sentences to run consecutively, and says her Fifth Amendment right to remain silent was violated by the District Attorney's cross-examination.

The judgment is affirmed.

The defendant says the reasons given by the trial judge in ordering the armed robbery sentences to be served consecutively are inadequate because the reasons given do not fit any of the classifications set out in *Gray v. State*, Tenn., 538 S.W.2d 391 (1976).

In *Gray*, the Supreme Court said consecutive sentencing should be reserved for these type of offenders:

1. the persistent offender;

2. the professional criminal;

3. the multiple offender;

4. the dangerous mentally abnormal person; and

5. the dangerous offender.

A dangerous offender is one who has been convicted of crimes in which the risk to human life is high, evincing little or no regard for human life. A multiple offender is one who may have no prior record but whose present convictions indicate such extensive criminal activity over a period of time as to warrant consecutive sentencing. *Gray v. State, supra.*

■■■ The record reveals the defendant was actively involved in the planning and execution of at least three (3) other armed robberies in addition to the two (2) armed robberies for which she was convicted. The trial court ordered consecutive sentencing due to "the nature and planning of the crimes." Although the trial judge's reasons could have been more amply stated, we find the record supports his decision. The proof in this case reveals an extensive course of criminal conduct by the defendant. This certainly would bring her under the classification of a multiple offender. Armed robbery is a crime involving high risk to human life; the perpetrator of such a crime is, therefore, a dangerous offender. *See Gray v. State, supra.* It is not mandatory that the trial judge couch his reasons in the specific terms set out in *Gray. Jett v. State,* 556 S.W.2d 236 (Tenn.Cr.App.1977).

The defendant cites *Peabody v. State,* 556 S.W.2d 547 (Tenn.Cr.App.1977), in support of his position. In *Peabody,* the defendants were convicted of armed robbery and kidnapping; both convictions arose out of the same incident, the robbery of a service station attendant. This Court overruled the trial judge's ordering of consecutive sentencing based upon the trial judge's failure to comply with *Gray.* Specifically, this Court found there were no aggravating circumstances to justify the trial judge's ruling that the defendants were dangerous offenders.

In the case *sub judice,* the extensive criminal conduct and professional planning involved in these armed robberies constitute sufficient aggravating circumstances to support the ruling of the trial court.

We find no abuse of discretion by the trial judge in ordering the sentences to run consecutively.

The defendant says her Fifth Amendment right to remain silent was violated during the cross-examination of the defendant by the District Attorney.

When the defendant took the stand, she testified she was forced to engage in the armed robberies because of threats made against her and her children by one of the other participants in the armed robberies, Charles Larry Hargis. On cross-examination she testified that at one point, Hargis, for the purpose of harassment, called the police and reported that someone had suffered a drug overdose at the defendant's residence. The police answered the call and left when they found there was no basis for the call. The defendant was asked why she did not report to those officers the threats made against her by Hargis at that time. Again, later in the cross-examination, the defendant was asked why, when she gave her post-arrest statement to the police, she did not mention the coercion by Hargis. The defendant said she did tell the officers, but they did not put it in the statement.

There was no objection by defense counsel to this line of questioning, nor was the issue raised in the motion for new trial. Nevertheless, we have considered the merits of this issue and have concluded there was no error.

■ The questions relating to the defendant's failure to tell the police of Hargis' threats when they answered the drug overdose call was based upon her pre-arrest behavior and therefore her Fifth Amendment rights had not come into play.

As to the questioning concerning the defendant's failure to relate to her exculpatory version in her post-arrest statement, we find this line of questioning was not improper. In *Doyle v. Ohio,* 426 U.S. 610, 96

S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States Supreme Court held:

"The use [of] impeachment purposes of petitioner's silence, at the time of arrest and after receiving *Miranda* warnings, violated the due process clause of the Fourteenth Amendment." 426 U.S. at 619, 96 S.Ct. at 2245.

However, in a footnote to the *Doyle* opinion the Supreme Court said:

"It goes almost without saying that the fact of post-arrest silence could be used by the prosecution to contradict a defendant who testified to an exculpatory version of events and claims to have told the police the same version upon arrest. In that situation, the fact of earlier silence would not be used to impeach the exculpatory story, but rather to challenge the defendant's testimony as to his behavior following arrest." *Doyle, supra,* 426 U.S. at 619, note 11, 96 S.Ct. at 2245, note 11.

The situation in the case *sub judice* clearly fits within this.

DAUGHTREY and SCOTT, JJ., concur.