Keith Edward SAEGER, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 14, 1986.

Permission to Appeal Denied by Supreme Court April 28, 1986.

D.C. Daniel, Jr., Scott Daniel, Murfreesboro, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen. Jack Seaman, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

O'BRIEN, Judge.

This is an appeal from dismissal of a post-conviction relief petition in the Davidson County Criminal Court, after an evidentiary hearing.

On April 24, 1978, petitioner entered guilty pleas on three counts of armed robbery. He received a sentence of ten (10) years imprisonment on each conviction. Subsequent to the submission hearing the trial court ordered consecutive sentencing.

On November 13, 1979 this Court affirmed the trial court judgment.[1] On January 21, 1980, the Tennessee Supreme Court denied an application for permission to appeal. On March 10, 1980, a petition to rehear the denial of the application for permission to appeal was denied by the Supreme Court.

On April 18, 1984 the post-conviction relief petition was filed. The thrust of the petition, as is the argument here, is that the petitioner was denied due process of law, effective assistance of counsel, and equal protection of the law by failure of the courts to conform his sentences to statutory and decisional law in the State of Tennessee. He bases this assertion on:

(1) Failure of the Court to apply the criteria stated in *Gray v. State*, 538 S.W.2d 391 (Tenn.1976).

(2) Failure of the Supreme Court to hear the questions of concurrent or consecutive sentencing as required by T.C.A. § 40–20–111(a), by denial of an appeal as of right to that Court, and

---

1. *Saeger v. State,* 592 S.W.2d 909 (Tenn.Cr.App. 1979).

refusal to grant an appeal by permission.

The sequence of events at the conviction trial proceedings are fully set out in our original opinion affirming the trial court, and in the record and briefs filed in the post-conviction proceeding. Subsequent to petitioner's indictment on the three charges of armed robbery, through retained counsel, he negotiated a tenative plea bargain agreement to plead guilty to three counts of armed robbery upon which the State would agree to a minimum sentence of ten (10) years in each case. For a period of approximately two months prior to the actual entry of the guilty pleas petitioner discussed with counsel at length the various aspects and consequences of doing so. Essentially the discussions involved the issue of consecutive or concurrent sentences. Early on, counsel provided the petitioner with a copy of the Supreme Court decision in *Gray v. State,* supra, in which the Court enunciated the standards for the imposition of consecutive sentences and enumerated the types of offenders for which consecutive sentencing should be reserved. In due course petitioner submitted guilty pleas on each of the charges. They were accepted by the trial judge, who took the case under advisement for a further hearing to determine whether the sentences would be fixed to run concurrently or consecutively.

At the sentencing hearing, without articulating the factors he considered in doing so, the trial judge found petitioner to be a "dangerous offender", one of the classifications set out in *Gray,* supra, and fixed each of the three sentences to be served consecutively for an effective sentence of thirty (30) years.

On the direct appeal of that judgment this Court found that the evidence supported the trial judge's finding of aggravated circumstances within the meaning of *Gray,* saying:

"The victims of the three robberies were cooperative with the defendant, rendering it unnecessary for him to discharge the firearms to accomplish the robbery." Nevertheless his elaborate preparation

for the crimes, including his marksmanship practice with the powerful magnum pistol, constituted material evidence upon which the trial judge could and did rationally conclude that the defendant was ready, willing, and able to fire the pistol with accuracy if necessary to accomplish his grim purpose."

This Court also found there was material, substantial, and uncontradicted evidence of defendant's past criminal record to classify him as a "multiple offender" which we held to be what the trial judge made reference to in stating that consecutive sentencing was appropriate "to protect society from those who are unwilling to lead a productive life and resort to criminal activity in furtherance of their anti-societal lifestyle." The Court referred to *Wiley v. State,* 552 S.W.2d 410 (Tenn.Cr.App.1977), in which we found that although the record did not contain an expression by the trial judge of his reasons for ordering consecutive sentences the evidence in the case supported that decision.

To the judgment of this Court, petitioner made application for an appeal to the Supreme Court, which was denied. A subsequent petition to rehear was also denied. It is these various actions by the trial and appellate courts to which petitioner now poses a strenuous objection premised on his contention of denial of his constitutional rights as we have heretofore noted.

■ Petitioner's brief makes the grave and serious charge that the courts of this State have not fairly and properly applied the law in relation to his sentences. Having thoroughly reviewed the record of the conviction trial proceedings, as well as the record of the post-conviction hearing, we conclude that petitioner's predicament has been created not by any failure of the courts to apply the prescribed law, but by the erroneous analysis by petitioner and his counsel of the classification into which he should have been placed in accordance with the *Gray* criteria, and the assumption that their interpretation of the *Gray* decision was correct, as opposed to the court's application of that decision to the circumstances of the offenses committed by petitioner.

At the hearing on his petition for post-conviction relief petitioner clearly stated:

(a) That he was furnished with a copy of the *Gray* decision, read it, discussed it with counsel, and relied to a great degree on his interpretation of that decision in electing to enter his guilty pleas.

(b) That he knew at the time he entered his guilty pleas that there would be a subsequent hearing when the trial judge would determine whether his sentences would be served concurrently or consecutively.

(c) That in submitting his guilty pleas he also considered the possibility that he could receive a sentence of life imprisonment in each case and, though the possibility was remote, that those sentences could be served to run consecutively.

■■■ Petitioner's insistence that the trial court misapplied the *Gray* criteria in setting consecutive sentences in this case is misplaced. It is based on his own interpretation, and that of his trial counsel, of the standards set in *Gray*. Petitioner is obviously a person of some considerable intelligence. At the time of his conviction trial he was a sophomore college student. He has since completed the requirements for his Bachelor Degree from the University of Tennessee. The decision to submit the guilty pleas was his own, based on his own judgment, after advice of counsel, and was voluntarily and knowledgeably made. Simply said, the decision was wrong. Petitioner took a calculated risk which worked to his detriment. Counsel's advice was as sound as it could be under the circumstances. A trial attorney is not required to be omnipotent. Neither of them could sound the depth of the trial judge's mind to determine with absolute certainty what his decision would be. That a guilty plea must be intelligently made is not a requirement that all advice offered by counsel must withstand retrospective examination in a post-conviction hearing *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970); also see *State v. Evans,* 669 S.W.2d 708 (Tenn.Cr.App.1984).

■■■ This Court found the reasoning of the trial judge to be sound. Petitioner asserts that the judgment of this Court will not stand scrutiny, however he bases his reasoning on the minority opinion in the case and relies on the citations to authorities in that decision which are not applicable to the argument which is made here.

■■■ Petitioner's claim of a denial of due process by being denied his day before the Supreme Court is also without merit, founded, as it is, on a faulty construction of T.C.A. § 40–20–111 which provides that the exercise of a trial judge's discretion in setting multiple sentences to be concurrent or cumulative is reviewable by the Supreme Court on appeal. We think the word *reviewable* is used in the adjectival sense in the statute and does not impose a mandatory duty upon the Supreme Court to grant a hearing in every such case appealed. The conclusion that petitioner has been denied review is incorrect. Although the Supreme Court decided that a hearing was not required in this case, every judgment upon which an application to appeal to that tribunal is made is carefully reviewed to determine if the judgments of the inferior courts are correct. After such a review if the Court concludes the judgments below are not in accordance with the law, a hearing, under the procedures defined in the Tennessee Rules of Court, is granted. That procedure was followed in this case. The court was satisfied a further hearing was not required and permission to appeal was denied.

At the conclusion of the hearing on the post-conviction petition the trial judge found that petitioner's guilty pleas were entered voluntarily with full knowledge of the possible consequences, that he was aware his sentences could be fixed to run concurrently or consecutively, and any error in judgment on his part did not invali-

date the sentences. The court found that he was not denied due process of law and there was nothing in the advice received from his trial attorney which denied him effective assistance of counsel. There was no evidence that the standards in *Gray v. State,* supra, were applied differently in his case than in any other. He found that petitioner was not denied review by the Supreme Court although they concluded a hearing was not essential to a full determination of petitioner's rights.

We concur fully in those findings, and affirm the judgment of the trial court in denying post-conviction relief.

DUNCAN, J., and JOHN D. TEMPLETON, Special Judge, concur.