826 F.2d 1062
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arif Imad Al-Din ALLEN, Petitioner-Appellant,
v.
Billy McWHERTER, Warden, Respondent-Appellee.
 No. 86-6298.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1987.
 
 1
 Before GUY and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner is a Tennessee prisoner convicted of burglary in the third degree and assault with intent to commit murder in the first degree. Following his conviction in September of 1982, plaintiff was sentenced to consecutive terms of imprisonment of 25 years for the assault conviction and 6 to 10 years for the burglary conviction.
 
 
 4
 On April 11, 1986, he filed a petition under 28 U.S.C. Sec. 2254 for a writ of habeas corpus. As grounds for his release from custody, petitioner argued that his due process rights were violated by the trial court's admission of an in-court identification of him by the victim. Petitioner further argued that the trial court improperly imposed consecutive sentences upon him in violation of Tenn.Code Ann. Sec. 40-20-111(a) and Gray v. State, 538 S.W.2d 391 (Tenn.1976).
 
 
 5
 Both of these arguments were rejected by the magistrate in a report and recommendation which recommended that the petition be denied. As grounds for the recommendation, the magistrate concluded that the victim's testimony contained clear and convincing evidence other than the inadmissible line-up which supported the in-court identification of the petitioner. The magistrate further determined that petitioner's argument concerning consecutive sentencing involved only state law and therefore failed to raise an issue of constitutional law necessary for habeas relief.
 
 
 6
 The petitioner filed timely objections to the magistrate's report and recommendation which was adopted by the district court in an order dismissing the petition. In a timely motion to reconsider, petitioner argued in part that the district court had failed to afford him a de novo review of those portions of the report and recommendation to which he had objected. The district court disagreed and denied the motion in an order which stated that a complete review of the entire case had been made.
 
 
 7
 We too have reviewed the entire case, as well as the briefs of the parties and the applicable statutory and case law. Having considered these various authorities and the record, we conclude that no abuse of discretion resulted from the district court's order of dismissal. The magistrate's reasoning set forth in the report and recommendation is clearly correct. Further, no indication exists that the district court failed to afford the petitioner the proper standard of review under 28 U.S.C. Sec. 636(b)(1)(B).
 
 
 8
 Accordingly, for the reasons set forth in the magistrate's report and recommendation, we affirm the order of the district court dismissing the petition. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation