# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1999

FILED

December 30, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,  *
                      *
       Appellee,      *
                      *
vs.                       *
                      *
WILLIAM CURTIS WAGNER,   *
                      *
       Appellant.     *

No. W1998-00552-COA-R3-CD

MADISON COUNTY

Hon. Whit Lafon, Judge

(Aggravated Assault, DUI, Evading Arrest)

## CONCURRING IN PART; DISSENTING IN PART

I join in the results reached by the majority with the exception of the remand of this case to the trial court "for further proceedings concerning whether consecutive sentences are warranted." It is undisputed that this court, under its power of *de novo* review, is authorized to impose consecutive sentences when a consecutive sentencing issue is properly before the court and the trial court has failed to enter factual findings on the record.[1] Tenn. Code Ann. § 40-35-401(a). Upon *de novo* review of the record, I find consecutive sentences appropriate in this case.

Before consecutive sentences can be imposed, the trial court must (1) first determine that one or more of the statutorily enumerated criteria of Tenn. Code Ann. § 40-35-115 exists, see also Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976); and (2) find that the aggregate sentence is reasonably related to the severity of the offenses and is necessary to protect the public from further criminal activity of the offender. State v. Wilkerson, 905 S.W.2d 933, 937 (Tenn. 1995).

In this case, the proof established that, while towing a semi-tractor truck, the defendant traveled for a distance of approximately forty miles along I-40 at night at a high rate of speed, requiring at least fifty vehicles to take evasive action to avoid collisions. During this period, the defendant was heard on his C.B. radio saying,

---

[1]Additionally, I find *de novo* review appropriate in this case because the judge presiding at trial has since retired, which will require reassignment upon remand and review of the same record that this court has already reviewed. In addition, if an appeal is taken following remand, this will result in further protracted litigation of this case.

"Watch this shit, I'm going to slap this white car. Watch this, I'm going to hit this truck." Although most of the vehicles were able to steer clear of the defendant's tow truck, at least five vehicles were struck, resulting in serious and disabling injuries to the occupants. Several of the victims required hospitalization and numerous surgeries. Toward the end of this rampage, the defendant crossed the I-40 median and proceeded to drive eastbound in the westbound lane, again causing motorists to flee the interstate to avoid collisions. These facts support a finding that the defendant is a dangerous offender. Tenn. Code Ann. § 40-35-115(b)(4). Consecutive sentences are imposed upon dangerous offenders to protect society against offenders who commit aggravated crimes that pose a high risk to human life. Under Gray, a finding that a defendant is a "dangerous offender" is to be based solely upon the circumstances surrounding the crimes for which the defendant is being sentenced. The court stated in Gray: "A defendant may be classified as a dangerous offender if the crimes for which he is convicted indicate that he has little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." 538 S.W.2d at 393 (emphasis added); see also Tenn. Code Ann. § 40-35-115(b)(4).

Furthermore, upon review of the Wilkerson criteria, I find that an additional sentence of twenty-four months, resulting in an aggregate sentence of six years, is reasonably related to the severity of the offenses committed and is necessary to protect the public from further criminal acts by the offender. Wilkerson, 905 S.W.2d at 938. The defendant denies any culpability for the personal injuries or property damage that he occasioned along I-40. At the sentencing hearing, the trial court noted his lack of candor. I find the defendant's aggregate sentence of six years relatively lenient when considering the severity of the offenses committed. Finally, I find the six year sentence is necessary to protect the public in view of the defendant's refusal to accept responsibility for his use of drugs and driving, his indifference to motorists and the fact that his principal livelihood is the operation of a commercial truck over the highways.

For these reasons, I would affirm imposition of consecutive sentences in this case.

2

_____
DAVID G. HAYES, Judge