IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 2000 Session

### STATE OF TENNESSEE v. RYAN J. LITTLE

**Direct Appeal from the Criminal Court for Shelby County
Nos. 98-12784; 98-12785; 98-12786, Chris Craft, Judge**

---

**No. W1999-01033-CCA-R3-CD - Decided August 30, 2000**

---

Ryan J. Little was convicted of one count aggravated robbery, one count aggravated burglary, and three counts of attempted aggravated robbery. An effective twenty-four year sentence was imposed. In this appeal as of right, the appellant contests the trial court's imposition of partial consecutive sentences. The proof before this court supports the trial court's finding that the appellant is a "dangerous offender." Accordingly, we affirm the sentencing decision of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J. and JOHN EVERETT WILLIAMS, J., joined.

Brett B. Stein, Memphis, Tennessee, for the appellant, Ryan J. Little.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Lucian D. Geise, Assistant Attorney General, William L. Gibbons, District Attorney General, and Jim Wax and Glen Baity, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The appellant, Ryan J. Little, challenges, in this appeal as of right, the imposition of consecutive sentences resulting from his Shelby County convictions for aggravated robbery, aggravated burglary, and three counts of attempted aggravated robbery. After a jury's determination of guilt on these offenses, the trial court imposed a sentence of twelve years for the offense of aggravated robbery, a sentence of six years for the offense of aggravated burglary, and a sentence of six years on each count of attempted aggravated robbery. Further, finding the appellant to be a dangerous offender, the court ordered the sentences for aggravated robbery, aggravated burglary and one count of attempted aggravated robbery to be served consecutively for an effective sentence of twenty-four years.

Following review, we affirm the trial court's imposition of consecutive sentences.

## Background

Shortly after midnight on July 19, 1998, Ben Reed, a nineteen year old college student, returned his date, Krystina Elton, also nineteen, to her parents' residence in Shelby County. Reed pulled into the driveway and left his car running as Ms. Elton was getting her keys from her purse. Almost immediately after entering the driveway, three armed assailants surrounded the vehicle. One of the gunmen, later identified as the appellant, knocked on the window and ordered the couple to "[g]et out of the car." The terrified couple complied and offered the assailants their money. Reed was forced to the ground and was "hit in the back of the head with the gun." Meanwhile, Ms. Elton had thrown her purse to the ground. The other two gunmen rummaged through her purse.

The assailants demanded to know who lived in the house. The young couple replied that the home belonged to Krystina's parents. With guns held to the back of their heads, the young couple were forced to let the gunmen into the home. Once inside, the appellant instructed Reed to "take him to the money." Reed led the appellant to the room of Krystina's younger brother, Glenn. Glenn, who was asleep, was awaken by Reed who told him that they were being robbed. The appellant then struck Glenn with the gun. During this assault, Reed attempted to grab the gun from the appellant. During the struggle the gun discharged, with the bullet striking the floor. The struggle continued and another shot was fired. Reed eventually was able to gain control of the weapon, while Glenn wrestled the appellant to the floor. Reed, satisfied that Glenn had subdued the appellant, returned to the living room.

Meanwhile, the other gunmen continued to look for money and rummaged through the purse of Krystina's mother. At some point, another shot was fired, awaking Krystina's father, Danny Elton. Mr. Elton rushed out of his bedroom, yelling at his wife to call 9-1-1 and to get him his gun. A shot was fired at Mr. Elton, fortunately, however, the bullet missed its target. Mr. Elton was able to chase two of the gunmen out of the house amid the gunfire. Amidst the commotion, Reed returned to Glenn's bedroom where the appellant had freed himself from Glenn's hold. The appellant attempted to "swing" at Reed. Reed and Glenn were able to subdue the appellant until the police arrived.

## Sentencing

This court's review of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d). The burden is on the appellant to show that the sentence imposed is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

In imposing consecutive sentences in the instant case, the trial court found the appellant to be a dangerous offender pursuant to Tenn. Code Ann. § 40-35-115(b)(4) and entered the following findings upon the record:

The Court also finds that Mr. Little is a dangerous offender. Had it not been for the fact that these two men, one of them woken up from a sound sleep, apprehended him, somebody would have been killed or injured, strong likelihood. And I find that Mr. Little any man who gangs up with three other guys and all of them arm themselves and descend at night on a strange house, rob two kids and then at gunpoint force them into their house so they can rob their family members or rape them, whatever they wanted to do. Mr. Little has absolutely no qualms about committing an offense without caring about any results of it.

The Court finds that Mr. Little is a dangerous offender and needs some consecutive sentencing because we need to be protected from this man. Society needs this man locked up. Therefore, I'm going to run the aggravated robbery twelve year sentence consecutive to the burglary. And in doing so, after he robbed - - after they robbed these two young people, there was absolutely no reason - - they could have stopped at that point and left, but they, at gunpoint, forced them in the house after first asking them are there other victims in the house, proceeded on in there.

And I'm not going to give them a free aggravated burglary. Then after going in there, he then went into Mr. Glen Elton's room and took a victim back there with him at gunpoint to wake up Mr. Elton so that he could rob him.

The Court finds that Count 3, criminal-attempt aggravated robbery, should run consecutively with the burglary and the aggravated robbery. The other two criminal-attempt robberies were of other people in the house. They were criminal attempt robberies because he never got anything from those victims. Looking at the aggregate sentence under case law of twenty-four years, this Court feels that if I added anything to Mr. Little's sentence for those two other criminal-attempts aggravated robberies, that the sentence would be greater than that required to do justice to Mr. Little.

The appellant now argues that consecutive sentences were not warranted in this case. In opposing consecutive sentences, he argues that the facts which established the elements of the offenses are essentially the same facts utilized by the trial court in finding the appellant to be a "dangerous offender."

Before consecutive sentences can be imposed, the trial court must (1) first determine that one or more of the statutorily enumerated criteria of Tenn.Code Ann. § 40-35-115 exists, see also Gray v. State, 538 S.W.2d 391, 393 (Tenn.1976); and (2) find that the aggregate sentence is reasonably related to the severity of the offenses and is necessary to protect the public from further criminal activity of the offender, if the defendant is found to be a dangerous offender. State v. Wilkerson, 905 S.W.2d 933, 937 (Tenn.1995). See also State v. Lane, 3 S.W.3d 456 (Tenn.1999) (holding Wilkerson factors were limited to sentencing of "dangerous offenders"). Notwithstanding proof of these criteria, a sentencing court retains the discretion of imposing consecutive sentences. On

appeal, the exercise of the trial court's discretion is afforded great weight, provided the court correctly applied the principles of consecutive sentencing. Moreover, in determining whether the trial court providently exercised its discretion, "the overriding concern" is the fairness of the resulting sentence under all the circumstances.

Consecutive sentences are imposed upon dangerous offenders to protect society against offenders who commit aggravated crimes that pose a high risk to human life. Under Gray, a finding that a defendant is a "dangerous offender" is to be based solely upon the circumstances surrounding the crimes for which the defendant is being sentenced. The court stated in Gray: "[a] defendant may be classified as a dangerous offender *if the crimes for which he is convicted* indicate that he has little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." 538 S.W.2d at 393 (emphasis added); see also Tenn.Code Ann. § 40-35-115(b)(4). We find this definition aptly described the appellant's conduct in the commission of the offenses in this case. The record supports the trial court's findings regarding the appellant's classification as a dangerous offender. Tenn.Code Ann. § 40-35-115(b)(4). Moreover, despite the youthfulness of the offender,[1] we find that based on the appellant's prior criminal history[2] a sentence of confinement is necessary to protect the public from the appellant's future criminal conduct. Furthermore, considering the five counts involved in the instant case, consecutive sentences are reasonably related to the severity of the crimes. The appellant has failed to establish that the trial court abused its discretion in ordering consecutive sentences. Thus, we conclude that consecutive sentences are warranted in the present case.

The judgment is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[1] The presentence report reflects that the appellant is nineteen years old.

[2] The appellant's prior criminal history includes juvenile adjudications for evading arrest, theft of property under $500, criminal trespass, two charges of theft of vehicle, possession of a weapon, aggravated burglary, disorderly conduct and loitering.