# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 22, 2005

## STATE OF TENNESSEE v. PAUL NEIL LAURENT

**Appeal from the Criminal Court for Davidson County**
**No. 2003-B-1165      Mark J. Fishburn, Judge**

---

**No. M2005-00289-CCA-R3-CD - Filed February 27, 2006**

---

DAVID G. HAYES, J., dissenting.

The majority affirms consecutive sentences based upon a finding that the appellant's criminal history is extensive. T.C.A. § 40-35-115(b)(2). The pre-sentence report reflects no documentation of a prior conviction of any type. The appellant's statements to the pre-sentence officer indicate excessive alcohol and drug abuse and that he completed a drug and alcohol treatment program in 1983. Based upon the appellant's self-reporting of drug use, the majority concludes that consecutive sentences are warranted. I am unable to join with the majority in concluding that a defendant's self-reporting of uncharged alcohol or drug abuse will warrant consecutive sentences. This information is sought in the pre-sentence report for the purpose of fashioning an individualized sentence under sentencing guidelines, not for purposes of gathering incriminating evidence. To utilize the offender's statements within the report for increased penal sanctions is counterproductive in that it discourages truthfulness and is inconsistent with the purposes of the pre-sentence report. If the State wishes to introduce evidence of uncharged criminal activity, then it may do so; however, the defendant should not be penalized for candor.

Moreover, this case illustrates a serious void which exists in the structure of consecutive sentencing in this state. The genesis of our consecutive sentencing classifications stem from our supreme court's holding in *Gray v. State*, 538 S.W.2d 391 (Tenn. 1976). The classifications in *Gray* included: (1) the persistent offender; (2) the professional criminal; (3) the multiple offender; (4) the dangerous mentally abnormal person; and (5) the dangerous offender. *Id*. at 393.

The Sentencing Commission comments express that "[t]he first four criteria [in T.C.A. § 40-35-115] were taken directly from *Gray v. State* . . ." These are: (1) the professional criminal; (2) the defendant whose record of criminal activity is extensive; (3) the dangerous mentally abnormal person; and (4) the dangerous offender. *See* T.C.A. § 40-35-115(b)(1)-(4) (2003). The Sentencing Commission comments further note that the persistent offender criteria adopted in *Gray* was deleted by the 1989 Sentencing Act. The result, however, which has followed is that while each of the four criteria was perhaps intended to be the same, the criteria of the "multiple offender" in Tennessee Code Annotated section 40-35-115(b)(2) has clearly received a different interpretation than its multiple offender counterpart in *Gray*. *See State v. Rickey Crawford*, No. 02C01-9806-CR-00169

(Tenn. Crim. App. at Jackson, May 12, 1999) (Tipton, J., separate concurring, joined by Lafferty, S.J.).

Both *Gray* and Tennessee Code Annotated section 40-35-115(b)(2) define the multiple offender as one whose record of criminal activity is great. *Gray*, 538 S.W.2d at 393. Every appellate decision which has examined the phrase "record of criminal activity" since the 1989 enactment of 40-35-115(b)(2) has done so with reference to the offender's prior record of criminal activity. *See State v. Palmer*, 10 S.W.3d 638, 647-49 (Tenn. Crim. App. 1999) (discussing application of T.C.A. § 40-35-115(b)(2) following review under *Gray* and 1989 Sentencing Act.) In defining the term "record of criminal activity," *Gray* instructs, "[t]he prior record of the multiple offender may have been good, but the crimes for which he has been convicted indicate criminal activity so extensive and continuing for such a period of time as to warrant consecutive sentencing." *Gray*, 538 S.W.2d at 393. Additionally, *Gray* provides that the definition of a multiple offender is consistent with the multiple offender definition contained in the Model Penal Code. *Id.* (citing Model Penal Code § 7.03). Indeed, all four consecutive sentencing categories of *Gray* were adopted directly from the model code.

The Model Penal Code describes the multiple offender as an offender who is before the court to be sentenced for more than one felony. This category recognizes that the multiple offender presents a legitimate concern that concurrent sentences will not reflect the combined gravity of the actions for which the defendant is to be penalized. Comments, Model Penal Code § 7.03. Thus, if we accept *Gray's* pronouncement that the definition of a multiple offender is derived from the Model Penal Code, and that the "prior record of the multiple offender may have been good," then it necessarily follows that the reference to "extensive criminal activity" refers to current activity from the multiple convictions for which the defendant is being sentenced. This position is further reinforced by the fact that the persistent offender criteria in *Gray*, deleted by the 1989 Sentencing Act, was based upon a history of prior criminal convictions. Thus, it would be illogical to have two consecutive sentencing categories based upon the same criteria. The result is that the persistent offender under *Gray*, which was based on a history of prior convictions, is now the multiple offender under Tennessee Code Annotated section 40-35-115(b)(2), and the multiple offender as contemplated by *Gray* no longer exists.

The end result is that the appellant in this case, who would have qualified for consecutive sentences as a multiple offender under *Gray*, now escapes consecutive sentencing unless he, per chance, qualifies under some other consecutive sentencing criteria. This sentencing void effectively provides a free pass to the multiple offender whose prior record may have been good, "but the crimes for which he has been convicted indicate criminal activity so extensive and continuing for such a period of time as to warrant consecutive sentencing," as recognized by *Gray*. Moreover, the loss of the multiple offender category under *Gray* does little to deter the commission of multiple crimes stemming from a single criminal episode.

Because the appellant fails to meet any of the defined statutory criteria for consecutive sentencing, I am unable to join with the majority with regard to this issue.

_____
DAVID G. HAYES, JUDGE