IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2006

**STATE OF TENNESSEE  v. SPENCER PETERSON**

**Appeal from the Criminal Court for Shelby County**
**No. 01-04380, 83, 84, 85, 86, 89     John P. Colton, Jr., Judge**

**No. W2005-01701-CCA-R3-CD  - Filed May 5, 2006**

The Appellant, Spencer Peterson, appeals the sentencing decision of the Shelby County Criminal
Court.  After a jury trial, Peterson was convicted of three counts of second degree murder, two
counts of attempted second degree murder, eight counts of aggravated robbery, one count of
aggravated burglary, three counts of attempted especially aggravated robbery, and two counts of
attempted aggravated robbery.  The trial court merged the three second degree murder convictions
and the separate convictions of aggravated robbery involving the same victim and sentenced Peterson
as a Range I offender to consecutive terms of twenty years for the second degree murder conviction
and eight years for each of the four aggravated robbery convictions.  The trial court ordered
concurrent sentences for the remaining convictions, resulting in an effective sentence of fifty-two
years in the Department of Correction.  Peterson appealed the imposition of consecutive sentences,
and this court remanded the case to the trial court for purposes of setting forth its reasons for
consecutive sentencing, as required by Tenn. R. Crim. P. 32(c)(1).  On appeal, Peterson again argues
that the trial court erred in imposing consecutive sentences.  After review of the record, we affirm
the trial court's sentencing decision.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and
ALAN E. GLENN, JJ., joined.

Kevin E. Childress, Memphis, Tennessee, for the Appellant, Spencer Peterson.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General;
William L. Gibbons, District Attorney General; and Tom Hoover, Assistant District Attorney
General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

As previously recited by this court in *State v. Spencer Peterson*, No. W2003-02939-CCA-R3-CD (Tenn. Crim. App. at Jackson, Dec. 6, 2004), *perm. to appeal denied*, (Tenn. Mar. 21, 2005), the facts and procedural history of this case, as relevant to the issue of consecutive sentencing, are as follows:

> Based on his participation in a home invasion and robbery that resulted in the death of a victim, the [Appellant] . . . was charged by the Shelby County Grand Jury in thirteen separate indictments with one count of first degree premeditated murder; two counts of first degree felony murder; two counts of attempted first degree murder; eight counts of aggravated robbery; one count of aggravated burglary; three counts of attempted especially aggravated robbery; and two counts of attempted aggravated robbery.

> . . . .

> At approximately 8:00 P.M. on September 29, 2000, nine Hispanic men were in a Memphis apartment when two masked African-American men entered through the cracked door. One was armed with a pistol and demanded money, while the second [the Appellant] remained by the door to prevent anyone from leaving. During the course of the robbery, the gunman shot one victim in the leg, a second victim in the arm, and a third victim in the chest, causing his death. Acting on a tip, the police arrested the [Appellant] two days later and brought him to the homicide office, where he admitted participation in the robbery and sharing in the proceeds, but denied that he shot anyone or had any prior knowledge of his accomplices's intention to fire his weapon.

> . . . .

> Viewed in the light most favorable to the State, the evidence at trial was more than sufficient to sustain the [Appellant's] second degree murder conviction under a theory of criminal responsibility. . . . According to the [Appellant's] own statement, he and his accomplice had formulated the plan for the robbery at least two days prior to carrying it out, and his accomplice obtained a gun for that purpose. The [Appellant] also said that he entered the apartment with his accomplice, remained beside the front door during the robbery and fled the apartment with his accomplice after the gunshots had been fired. In addition, he admitted sharing equally in the robbery proceeds. Two of the three victims who saw the [Appellant] described his action in standing beside the door blocking anyone's escape. Two of these three witnesses also testified that he fled the apartment with his accomplice after Armondo Becerra had been shot. Finally, one of the victims described the [Appellant's] ordering him to remove his shoes so that he could see if any money was concealed inside them, while the gunman was robbing the victims in the kitchen. . . .

*Peterson*, No. W2003-02939-CCA-R3-CD.

The Appellant filed a timely notice of appeal challenging, among other issues, the consecutive sentences imposed. This court affirmed the judgments of conviction but remanded for entry of corrected judgments for certain offenses and for the trial court to set out its basis for imposing consecutive sentences. Following remand, the trial court entered written Findings of Fact and Conclusions of Law setting forth its reasons for consecutive sentencing. This timely appeal followed.

**Analysis**

The Appellant asserts that he is not a dangerous offender for whom consecutive sentencing is necessary to protect the public and that his aggregate sentence does not reasonably relate to the offenses for which he was convicted. Additionally, he argues the offenses for which he presently stands convicted do not fit within the definition of extensive criminal activity.

A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that "[t]he defendant is an offender whose record of criminal activity is extensive," or that "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." T.C.A. § 40-35-115(b)(2), (4) (2003). However, before sentencing the Appellant to serve consecutive sentences on the basis that he is a dangerous offender, the trial court must find that the resulting sentence is reasonably related to the severity of the crimes and necessary to protect the public against further criminal conduct. *State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002); *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995).

In ordering consecutive sentencing, the trial court found the Appellant to be a dangerous offender who has engaged in excessive criminal activity. Specifically, the court concluded:

> [d]espite not possessing or firing the weapon, [the Appellant] served an essential and egregious role in the robbery. [The Appellant] remained at the door to prevent the victims from fleeing the apartment, allowing his co-defendant to shoot at human targets as if shooting fish in a barrel. The proof, that the [Appellant] planned the robbery two to three days in advance with knowledge that the robbery would be facilitated with a firearm, demonstrates that [the Appellant] did not hesitate in committing a crime in which the risk to human life was high.
>
> . . . [the Appellant] continued to participate in the robbery even after his co-defendant shot three victims. [The Appellant's] determination to engage in criminal conduct for cash at expense of human life results in the belief of the Court that a consecutive sentence is necessary to protect the public from the [Appellant].

We agree with these findings, which are supported by the record. The aggravating circumstances surrounding the commission of the offense demonstrate that the Appellant is a dangerous offender with little or no regard for human life and had no hesitancy about committing a crime where the risk to human life was high. Moreover, the aggregate sentence reasonably relates to the seriousness of the offenses and is necessary to protect the public from the Appellant.

However, the Appellant contends that the trial court erred in finding that consecutive sentencing is necessary to protect the public from further criminal activity. In support of this assertion, the Appellant submits that our supreme court in *Gray v. State*, 538 S.W.2d 391, 393 (Tenn. 1976), "mandate[d] that this criteria include a finding that the defendant is unwilling to lead a productive life and has resorted to criminal activity in furtherance of his anti-social lifestyle." This assertion is misplaced. This language, as *Gray* notes, applies only to the persistent offender, professional criminal, and the multiple offender, those being classifications which are based upon a history of repeated criminal conduct. The plain language of *Gray* clearly provides that a defendant may be classified as a dangerous offender <u>if the crimes for which he is convicted</u> indicate that he has little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high.[1] *Gray*, 538 S.W.2d at 393 (emphasis added). Obviously, a trial court may consider an appellant's past criminal history, if such criminal history exists, but such review is not mandated.

A finding of any one of the factors for consecutive sentencing enumerated in Tennessee Code Annotated section 40-35-115(b) is sufficient to justify the imposition of consecutive sentences. Because the trial court found the Appellant to be a dangerous offender under section 115(b)(4), we find it unnecessary to review the trial court's finding of an extensive criminal history.

### CONCLUSION

Based upon the foregoing, we affirm the sentencing decision of the Shelby County Criminal Court.

_____
DAVID G. HAYES, JUDGE

---

[1] The Sentencing Commission Comments to Tennessee Code Annotated section 40-35-115 note that the dangerous offender classification of section 115(b)(4) is a codification of the dangerous offender classification established in *Gray*.