IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 19, 2013

## STATE OF TENNESSEE v. RONALD LYNN COOK

**Appeal from the Criminal Court for Union County**
**No. 4478      E. Shayne Sexton, Judge**

**No. E2013-01441-CCA-R3-CD - Filed February 19, 2014**

The Defendant, Ronald Lynn Cook, pled guilty to six counts of forgery valued at less than $1,000, a Class E felony. See Tenn. Code Ann. §§ 39-14-105, -114. The trial court imposed an effective sentence of ten years to be served in confinement. In this appeal as of right, the Defendant contends that the trial court erred by imposing partial consecutive sentences. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Clarence E. Pridemore, Jr., Knoxville, Tennessee, for the appellant, Ronald Lynn Cook.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Bradshaw, Assistant Attorney General; Lori Phillips-Jones, District Attorney General; and Tracy Tipton Jenkins, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the outset, we note that our review of this matter is hampered by the Defendant's failure to include in the record before us a transcript of the guilty plea submission hearing. Despite these omissions, we believe that the record is sufficient to conduct a meaningful review of the trial court's sentencing decision. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012).

On February 11, 2013, the Defendant pled guilty to six counts of forgery valued at less than $1,000. The Defendant's convictions arose from his actions in November 2011, when he took six checks from his aunt, Mona Cooke, and cashed them at different locations around

Union County over several days, for a total of $330.98. Ms. Cooke's bank, First Tennessee Bank, incurred a financial loss of $125.81 as a result of the Defendant's actions. The Defendant stated that he did not remember committing the offenses.

At the time of the offenses, the Defendant had two prior felony convictions for burglary and three prior felony convictions for drug-related offenses. In addition to the Defendant's five prior felony convictions, he also had seventeen prior misdemeanor convictions dating back to the early 1990s. These misdemeanor convictions included five convictions for theft of property valued at $500 or less, three domestic assault convictions, and convictions for criminal trespass, contributing to the delinquency of a minor, reckless endangerment, assault, escape, public intoxication, driving on a revoked license, and passing worthless checks. Additionally, the Defendant had violated probationary sentences on two separate occasions.

The trial court determined that, based upon his prior felony convictions, the Defendant was a Range III, persistent offender. The trial court found that the Defendant had a significant prior criminal history and that he had a history of unwillingness to comply with conditions of a sentence involving release into the community. The trial court found that no mitigating factors applied to the Defendant's sentence. The trial court sentenced the Defendant to five years for each of his convictions.

The trial court then found that the Defendant was an offender whose record of criminal activity was extensive and that the Defendant was a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood. Based upon these findings, the trial court ordered two of the Defendant's sentences to be served consecutively with the remainder of his sentences to be served concurrently, for an effective ten-year sentence.

On appeal, the Defendant contends that the trial court erred in imposing partial consecutive sentences. The Defendant's entire argument with respect to this issue is as follows, "[T]here only being one single victim [] the sentences should have been ordered to run concurrent[ly]." The State responds that the trial court did not abuse its discretion in imposing partial consecutive sentences in this case.

The only citations to legal authority contained in the Defendant's brief are a citation to the consecutive sentencing statute, Tennessee Code Annotated section 40-35-115, and a statement of the standard of review when challenging the sufficiency of the convicting evidence. The Defendant provides no citations to support his argument that consecutive sentences were not warranted here because there was only one victim. Indeed, the Defendant provides no argument with respect to this issue beyond the single conclusory sentence quoted

above. Typically, we would waive consideration of the Defendant's issue. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument [or] citation to authorities . . . will be treated as waived in this court."). However, we will address the Defendant's issue on the merits.

Our supreme court has recently clarified that when reviewing a trial court's imposition of consecutive sentences, "the presumption of reasonableness applies" and gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." State v. James Allen Pollard, --- S.W.3d ---, No. M2011-00332-SC-R11-CD, 2013 WL 6732667, at *9 (Tenn. Dec. 20, 2013). "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." Id. (citing State v. Dickson, 413 S.W.3d 735 (Tenn. 2013)).

Here, the trial court concluded that the Defendant was an offender whose record of criminal activity was extensive and that he was a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood. See Tenn. Code Ann. § 40-35-115(b)(1), (2). It is clear from the record before us that the Defendant had an extensive record of criminal activity given his five prior felony convictions and seventeen prior misdemeanor convictions. Accordingly, we conclude that the trial court did not abuse its discretion in imposing partial consecutive sentences.[1]

With respect to the Defendant's argument that consecutive sentences were not warranted because there was only one victim, we note that the record belies the Defendant's assertion. Both Ms. Cooke and her bank, First Tennessee Bank, were victims to the Defendant's crimes. In fact, First Tennessee Bank incurred a financial loss due to the Defendant's actions. Furthermore, Tennessee courts have long rejected the argument that consecutive sentencing is not warranted when multiple offenses have been committed against a single victim. See Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). Accordingly, we conclude that this issue is without merit.

---

[1]Because only one of the grounds listed in section 40-35-115(b) is needed to justify consecutive sentencing, we need not determine whether the trial court properly concluded that the Defendant was a professional criminal.

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE