IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 5, 2002

## STATE OF TENNESSEE v. RACHEL N. BENNETT

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-1201-398-C       Timothy L. Easter, Judge**

---

**No. M2002-01215-CCA-R3-CD - Filed March 26, 2003**

---

The appellant, Rachel N. Bennett, pled guilty in the Williamson County Circuit Court to eighteen felony offenses. The trial court sentenced the appellant to a total effective sentence of nine years incarceration in the Tennessee Department of Correction. On appeal, the appellant contests the trial court's imposition of consecutive sentencing. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

C. Diane Crosier, Franklin, Tennessee, for the appellant, Rachel N. Bennett.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith and Mary Katharine White, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In September 2001, the appellant became involved with co-defendants Mary A. Nelson, Joshua A. Felts, and Benjamin E. Greer. The four individuals engaged in a spree of burglaries which continued until late October 2001. The appellant's participation in the spree spanned over four counties, including Williamson County. On February 25, 2002, the appellant pled guilty in the Williamson County Circuit Court to eighteen counts of aggravated burglary, burglary, and theft. The plea agreement provided that the trial court would determine the length and manner of service of the appellant's sentences. Pursuant to a sentencing hearing, the trial court sentenced the appellant as a standard Range I offender as follows:

| Count | Offense | Class | Sentence |
|-------|---------|-------|----------|
| One | Aggravated Burglary | C felony | 4.5 years |
| Two | Theft ($500-$1000) | E felony | 1.5 years |
| Five | Aggravated Burglary | C felony | 4.5 years |
| Six | Theft ($1000-$10,000) | D felony | 3 years |
| Thirteen | Aggravated Burglary | C felony | 4.5 years |
| Fourteen | Theft ($1000-$10,000) | D felony | 3 years |
| Twenty-two | Aggravated Burglary | C felony | 4.5 years |
| Twenty-three | Theft ($1000-$10,000) | D felony | 3 years |
| Twenty-four | Burglary | D felony | 3 years |
| Twenty-five | Theft ($10,000-$60,000) | C felony | 4.5 years |
| Twenty-eight | Aggravated Burglary | C felony | 4.5 years |
| Twenty-nine | Theft ($1000-$10,000) | D felony | 3 years |
| Thirty | Aggravated Burglary | C felony | 4.5 years |
| Thirty-one | Theft ($1000-$10,000) | D felony | 3 years |
| Thirty-two | Aggravated Burglary | C felony | 4.5 years |
| Thirty-three | Theft ($1000-$10,000) | D felony | 3 years |
| Thirty-six | Aggravated Burglary | C felony | 4.5 years |
| Thirty-seven | Theft ($1000-$10,000) | D felony | 3 years |

Concluding that the twenty-year-old appellant had a "sporadic" work history and that the appellant was a professional criminal, the trial court ordered that count twenty-five be served consecutively to count one and ordered the remainder of the sentences to be served concurrently, for a total

effective sentence of nine years incarceration. The trial court also denied alternative sentencing. The appellant timely appealed the consecutive nature of her sentences.

## II. Analysis

Generally, appellate review of the length of a sentence is de novo. Tenn. Code Ann. § 40-35-401(d) (1997). However, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id.; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Regardless, our de novo review consists of an examination of the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in her own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102 and -103 (1997), -210 (Supp. 2002); see also Ashby, 823 S.W.2d at 168. The burden is on the appellant as the appealing party to demonstrate the impropriety of her sentence(s). Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Additionally, as the appellant contests only the imposition of consecutive sentencing, we note that "[w]hether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court." State v. Adams, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

Tennessee Code Annotated section 40-35-115(b) (1997) contains the discretionary criteria for imposing consecutive sentencing. See also State v. Wilkerson, 905 S.W.2d 933, 936 (Tenn. 1995). The trial court imposed consecutive sentencing on the basis that "[t]he [appellant] is a professional criminal who has knowingly devoted such [appellant's] life to criminal acts as a major source of livelihood." This classification derived from Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. Gray defined a professional criminal as "one who has knowingly devoted [her]self to criminal acts as a major source of livelihood or who has substantial income or resources not shown to be derived from a source other than criminal activity." Id.

The appellant's presentence report reflects that due to her pregnancy, on May 31, 1999, the appellant dropped out of high school during the eleventh grade. The report also states that the appellant was employed by The Pantry, a convenience store, from December 2000 to July 2001 and by Hollywood Video from July 2001 to October 2001.[1] At the sentencing hearing, the appellant testified that she had also worked at a Cracker Barrel Restaurant for approximately one year but she could not recall the exact dates of her employment. The appellant conceded that, prior to engaging in the instant criminal activity, she was charged with driving on a suspended license. When she failed to appear on a scheduled court date, a capias for her arrest was issued. Because of the charges, she needed to raise money to pay a bondsman. At the appellant's request, Felts allowed the appellant

---

[1] The appellant's presentence report states that the appellant worked at The Pantry from December 2001 to July 2001. However, from our review of the remainder of the record, we believe this to be a typographical error.

to participate in the burglary scheme to obtain the money for her bond. After obtaining the necessary funds, the appellant continued to participate in the crimes because it was "easy money." The appellant used additional funds to support her crack cocaine habit. The appellant further admitted that she began drinking alcohol and using marijuana at the age of fifteen; her use of crack cocaine began approximately a week after she began participating in the burglaries.

In making its sentencing determination, the trial court noted that the only possible basis for ordering consecutive sentencing was the professional criminal factor. Ultimately, the trial court found by a preponderance of the evidence that the appellant's "sporadic" employment history and her testimony that she engaged in the crimes for "easy money" indicated that she supported herself with the proceeds of the burglaries. Thus, the trial court determined that the appellant's "young adulthood" was spent as a professional criminal.

We can find no support for the trial court's determination that the appellant is a professional criminal. The instant offenses occurred over a relatively short time period, approximately six weeks. Additionally, the twenty-year-old appellant testified that she had been employed in various jobs after dropping out of high school. Notably, she was employed at the time she was arrested on the capias. Admittedly, the appellant was not employed at the time of the burglaries. However, we do not conclude that this fact alone is sufficient to support a finding that the appellant is a "professional criminal." See State v. Michael DeMatteo, No. 03C01-9903-CR-00093, 2000 WL 122230, at *4 (Tenn. Crim. App. at Knoxville, Jan. 26, 2000); State v. Michael Wilson, No. 01C01-9602-CC-00073, 1997 WL 438175, at *12 (Tenn. Crim. App. at Nashville, July 31, 1997).

Nevertheless, upon our de novo review of the record, we conclude that the appellant "is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2). The appellant's eighteen felony convictions resulted from a crime spree which lasted for several weeks and spanned over four counties. See State v. Cummings, 868 S.W.2d 661, 667 (Tenn. Crim. App. 1992); State v. Christopher Blockett, No. 02C01-9509-CC-00258, 1996 WL 417659, at *7 (Tenn. Crim. App. at Jackson, July 26, 1996); Earl Lamont Mallard v. State, No. 02C01-9412-CC-00291, 1995 WL 437490, at *1 (Tenn. Crim. App. at Jackson, July 26, 1995). Additionally, the appellant admitted to previous convictions for driving on a suspended license and assault. Moreover, the appellant admitted that she began drinking and using marijuana when she was fifteen years of age and began using crack cocaine approximately one week after she began participating in the burglaries. This evidence is sufficient to support the conclusion that the appellant had an extensive criminal history. See State v. John Leslie George, No. M2001-01213-CCA-R3-CD, 2003 WL 239589, at *6 (Tenn. Crim. App. at Nashville, Feb. 3, 2003).

### III.  Conclusion
In summary, we affirm the judgment of the trial court.


_____

NORMA McGEE OGLE, JUDGE