# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 13, 2004

## STATE OF TENNESSEE v. ALEX DEWAYNE WELLS

**Direct Appeal from the Circuit Court for Fayette County**
**No. 5328     Jon Kerry Blackwood, Judge**

---

**No. W2003-02282-CCA-R3-CD  - Filed July 16, 2004**

---

The appellant, Alex Dewayne Wells, pled guilty in the Fayette County Circuit Court to numerous counts of aggravated burglary, burglary, and theft.  He received a total effective sentence of thirty years incarceration in the Tennessee Department of Correction.  On appeal, the appellant challenges the trial court's imposition of consecutive sentencing.  Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal), Gary F. Antrician, Somerville, Tennessee (on appeal), and Shana McCoy-Johnson, Somerville, Tennessee (on appeal and at trial), for the appellant, Alex Dewayne Wells.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Senior Counsel; Elizabeth T. Rice, District Attorney General; and Terry Dycus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In March 2003, the Fayette County Grand Jury returned a forty-eight count indictment against the appellant, alleging offenses of aggravated burglary, burglary, and theft. On August 21, 2003, the appellant pled guilty to all counts, and a sentencing hearing was held. The State presented the victim impact statements of numerous victims as part of the proof at the sentencing hearing. All of the victim impact statements recounted the emotional and financial trauma created by the appellant's offenses. Specifically, one victim stated that the appellant took items that had once belonged to his sister who died in 1997. Additionally, the appellant attempted to remove the lid from an urn

containing the ashes of the victim's sister. Another victim lost all of her family pictures when the appellant left the photographs exposed in the rain. Further, the victim impact statements reveal that all of the victims were enraged. Notably, one victim opined that the appellant should be forced to work off his debt to the victims. The victim suggested, "I would like [$]5000.00 of sweat to roll down his back [and] for every drop that falls I would consider it a ½ cent of payback."

At the conclusion of the sentencing hearing, the appellant was sentenced as a Range II multiple offender as follows:

| Offense | Count(s) | Sentence (on each count) |
| --- | --- | --- |
| Aggravated Burglary | 1, 2, 4, 21, 23, 25, 27, 29, 34, 40, 44, 45, and 47 | 10 years |
| Theft ($10,000 to $60,000) | 3, 28, and 35 | 10 years |
| Theft ($1,000 to $10,000) | 6, 7, 9, 11, 13, 14, 15, 17, 18, 20, 26, 31, 33, 39, 41, 43, 46, and 48 | 4 years |
| Theft ($500 to $1,000) | 5, 8, 10, 16, and 24 | 2 years |
| Theft (under $500) | 22 | 11 months and 29 days |
| Burglary | 12, 17, 19, 30, 32, 37, 42, and 44 | 4 years |

The trial court further ordered the sentences for counts 1, 2, and 4 to run consecutively, for a total effective sentence of thirty years. On appeal, the appellant challenges only the imposition of consecutive sentencing.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (2003). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence(s). See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will

accord the trial court's determinations a presumption of correctness.  Id. at (d); Ashby, 823 S.W.2d at 169.

Initially, we note that the appellant did not include the transcript of the guilty plea hearing in the record for our review.  On appeal, the appellant carries the burden of ensuring that the record conveys a fair, accurate, and complete account of what has transpired with respect to the issues that are the bases of appeal.  See Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997).  Accordingly, we are hindered from conducting a full de novo review of the sentences as contemplated by Tennessee Code Annotated section 40-35-210(b).  Regardless, we conclude that there is sufficient evidence in the record to uphold the trial court's imposition of consecutive sentencing.

The trial court determined that three of the appellant's forty-eight convictions should run consecutively.  In making that determination, the trial court stated that "the [appellant] has a criminal career that is extensive and multiple, and that he is basically a profession[al] criminal, and that his record is such that [it] is necessary to deter others from – or to protect society from further criminal conduct by the defendant."

The decision of "[w]hether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court."  State v. Adams, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).  A trial court may impose consecutive sentencing upon finding by a preponderance of the evidence one of the criteria listed in Tennessee Code Annotated section 40-35-115(b) (2003).  See also State v. Wilkerson, 905 S.W.2d 933, 936 (Tenn. 1995).  In the instant case, the trial court imposed consecutive sentencing on the basis that the appellant has an extensive criminal history and is a professional criminal.  See Tenn. Code Ann. § 43-35-115(b)(1) and (2). First, we will examine the appellant's extensive criminal history.

The appellant's forty-eight felony convictions resulted from crimes occurring within a ten-month period, involving at least twenty-eight victims, some of whom the appellant victimized on more than one occasion.  See State v. Cummings, 868 S.W.2d 661, 667 (Tenn. Crim. App. 1992); Earl Lamont Mallard v. State, No. 02C01-9412-CC-00291, 1995 WL 437490, at *1 (Tenn. Crim. App. at Jackson, July 26, 1995).  Additionally, the appellant's presentence report reflects that he has a history of more than twenty prior convictions, many of which involve theft or burglary.  Moreover, the report also reflects that the appellant admitted that he began drinking and using illegal drugs when he was fifteen years of age.  This evidence is sufficient to support the finding that the appellant had an extensive criminal history.  While this factor alone is sufficient to uphold the trial court's imposition of consecutive sentencing, we will also review the trial court's determinations regarding the appellant's status as a professional criminal.

The professional criminal classification is derived from Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976).  See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. Gray defined a professional criminal as "one who has knowingly devoted himself to criminal acts as a major source of livelihood or who has substantial income or resources not shown to be derived from a

source other than criminal activity." <u>Gray</u>, 538 S.W.2d at 393.  The presentence report, to which the appellant voiced no objection, reflects that the twenty-six-year-old appellant has no verifiable employment history.  Moreover, the appellant's record reflects that he has repeatedly engaged in theft offenses, presumably to support himself.  Notably, the presentence report states that the appellant admitted he used money from the instant offenses to purchase a car.  Accordingly, we conclude that the trial court did not abuse its discretion in finding that the appellant was a professional criminal.

### III.  Conclusion

Based upon the foregoing, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE