IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 14, 2004 Session

## STATE OF TENNESSEE v. COREY HUDDLESTON

**Direct Appeal from the Circuit Court for Dickson County**
**Nos. 6490, 6661, 6662, and 6663     George C. Sexton, Judge**

_____

### No. M2004-00812-CCA-R3-CD - Filed June 8, 2005

_____

The appellant, Corey Huddleston, was convicted of multiple counts of theft of property valued under $500, vandalism of property valued under $500, and criminal trespass. He received sentences of eleven months and twenty-nine days for each of his theft and vandalism convictions and thirty days for each of his criminal trespass convictions. On appeal, the appellant challenges the trial court's imposition of consecutive sentencing. Upon our review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee (on appeal), and Mitchell B. Dugan, Dickson, Tennessee (at trial), for the appellant, Corey Huddleston.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Kim Menke and Suzanne Lockert, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

In March 2003, the Dickson County Grand Jury returned indictment number 6940 against the appellant. Count one of the indictment charged the appellant with harassment, a Class A misdemeanor, and count two charged the appellant with vandalism of property valued under $500, also a Class A misdemeanor. In May 2003, the Dickson County Grand Jury returned indictment numbers 6661, 6662, and 6663 against the appellant. Counts one and three of indictment 6661 charged the appellant with criminal trespass, a Class C misdemeanor. Counts two and four of the same indictment charged the appellant with theft of property valued under $500, a Class A

misdemeanor. Indictment 6662 was a single count indictment charging the appellant with criminal trespass. Count one of indictment 6663 charged the appellant with criminal trespass, and count three charged the appellant with vandalism of property valued under $500.[1]

On September 17, 2003, the appellant entered pleas of nolo contendere to the charges in indictment 6661. Subsequently, on November 14, 2003, the appellant entered guilty pleas to the remainder of the foregoing offenses.[2]

At the sentencing hearing, the thirty-four-year-old appellant testified that all of his offenses related to his addiction to drugs. He stated that he started drinking alcohol when he was thirteen years old, and, in high school, he began to also use marijuana. The appellant started using cocaine while he attended college. The appellant explained that his addictions continued to present day. The appellant stated that the instant offenses occurred because

> I got drunk, and when I get drunk and get high on that dope all I'm thinking about is where to get the next whatever at. And I just go in there and get it.
>
> . . . .
>
> I get to the point it's like two or three days without eating, just drinking and smoking crank, and I'm just [losing] my mind. I'm just out there doing whatever I got to do to get high.

The appellant admitted that he had previously been granted probation on prior offenses. He also admitted that he frequently was unable to comply with the terms of release. He stated that "the new charges always gets me violated."

At the conclusion of the sentencing hearing, the trial court imposed sentences of eleven months and twenty-nine days for each of the appellant's theft and vandalism convictions and thirty days for each of his criminal trespass convictions. The trial court found that "[b]ecause this [appellant] is a professional criminal who has knowingly devoted his life to criminal acts as a major source of income, and this [appellant's] record of criminal activity is extensive, it is necessary for the protection of the community that he be incarcerated." The trial court also used the foregoing reasoning to impose consecutive sentencing. The court ordered the sentences for indictment 6662 to be served consecutively to indictment 6661, the sentences for indictment 6663 to be served consecutively to indictment 6662, the sentences for indictment 6490 to be served consecutively to indictment 6663, and the sentences for counts one and two for indictment 6490 to be served

---

[1] Count two of indictment 6662 was dismissed.

[2] Neither the nolo contendere plea hearing nor the guilty plea hearing were included in the record for our review. Therefore, the record does not reflect the factual basis for the appellant's pleas.

consecutively to each other. The counts for indictment 6661 were to be served concurrently with each other, as were the counts for indictment 6663. For ease of understanding, we have compiled the following table of the appellant's convictions and sentences:

| Indictment | Count | Offense | Sentence | Concurrent | Consecutive |
|---|---|---|---|---|---|
| 6661 | 1 | criminal trespass | 30 days | indictment 6661, counts 2, 3, 4 | n/a |
| | 2 | theft over $500 | 11 months, 29 days | indictment 6661, counts 1, 3, 4 | n/a |
| | 3 | criminal trespass | 30 days | indictment 6661, counts 1, 2, 4 | n/a |
| | 4 | theft over $500 | 11 months, 29 days | indictment 6661, counts 1, 2, 3 | n/a |
| 6662 | | criminal trespass | 30 days | n/a | indictment 6661 |
| 6663 | 1 | criminal trespass | 30 days | indictment 6663, count 3 | indictment 6662 |
| | 3 | vandalism over $500 | 11 months, 29 days | indictment 6663, count 1 | indictment 6662 |
| 6490 | 1 | harassment | 11 months, 29 days | n/a | indictment 6663 |
| | 2 | vandalism over $500 | 11 months, 29 days | n/a | indictment 6490, count 1 |

On appeal, the appellant contests the imposition of consecutive sentencing.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (2003). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence(s). See Tenn. Code Ann. § 40-35-

-3-

401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

We note that "[w]hether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court." State v. Adams, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997). Tennessee Code Annotated section 40-35-115(b) (2003) contains the discretionary criteria for imposing consecutive sentencing. See also State v. Wilkerson, 905 S.W.2d 933, 936 (Tenn. 1995). Specifically, that code section provides that consecutive sentencing is permitted when any one of the following criteria are met:

> (1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
>
> (6) The defendant is sentenced for an offense committed while on probation; or
>
> (7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b)(1)-(7).

In the instant case, the trial court found that the appellant was a professional criminal and that he had an extensive criminal history. The professional criminal classification derived from Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. Gray defined a professional criminal as "one who has knowingly devoted himself to criminal acts as a major source of livelihood or who has substantial income or resources not shown to be derived from a source other than criminal activity." Id. We agree with the appellant that there is little evidence in the record to support this finding.

However, the record clearly demonstrates that the appellant has an extensive criminal history. The appellant's presentence report reflects that the appellant's criminal history spans approximately ten years and consists of at least sixteen prior misdemeanor convictions and two felony convictions. We conclude that this history is sufficiently extensive to warrant the imposition of consecutive sentencing. See Adams, 973 S.W.2d at 231 ("Extensive criminal history alone will support consecutive sentencing.").

### III.  Conclusion

Finding no reversible error, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE