IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2011

**STATE OF TENNESSEE v. DARIUS JONES**

**Appeal from the Criminal Court for Shelby County**
**No. 01-04380      John P. Colton, Jr., Judge**

─────────────────

**No. W2010-01080-CCA-R3-CD  - Filed May 26, 2011**

─────────────────

The defendant, Darius Jones, was convicted of one count of first degree felony murder, four counts of aggravated robbery, three counts of attempted especially aggravated robbery, two counts of attempted aggravated robbery, and one count of aggravated burglary.  He was sentenced to consecutive sentences of life with the possibility of parole for the felony murder conviction, ten years for each of the aggravated robbery and attempted especially aggravated robbery convictions, and four years for each of the attempted aggravated robbery and the aggravated burglary convictions, for an effective sentence of life plus eighty-one years.  On direct appeal, this court affirmed all of the defendant's convictions and his life sentence for the felony murder conviction but remanded for resentencing on the remaining convictions in light of Blakely v. Washington, 542 U.S. 296 (2004).  This court also ordered that the trial court revisit the issue of consecutive sentencing and place its specific findings on the record.  After being resentenced to life plus fifty-four years, the defendant appealed again, arguing that the trial court erred in imposing consecutive sentences.  On direct appeal of the resentencing, this court observed that the trial court failed to place its findings regarding consecutive sentencing in the record, and we remanded the matter a second time.  After conducting a sentencing hearing on remand, the trial court again imposed consecutive sentences, which the defendant challenges on appeal.  After review, we affirm the judgment of the trial court ordering consecutive sentencing in this case.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Michael E. Scholl, Memphis, Tennessee, for the appellant, Darius Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and David M. Zak, Jr. and Paul Thomas

Hoover, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

From our opinion on direct appeal, we discern that on September 29, 2000, Enrique Diaz Castillo and some friends, Pablo Alvarado, Armando Becerra, and Hector Moreno, were playing a card game at an apartment in Memphis when two masked African-American men entered the front door and demanded money. The masked men walked into the kitchen of the apartment where Carlos Diaz Ponce, Jose Jesus Romero Ponce, Hector Martinez Hernandez, Jose Gomez, and Alfonso Enrique Becerra were drinking tequila and demanded money from them as well. The assailants shot Armando Becerra, Hector Moreno, and Pablo Alvarado during the course of the robbery, and Becerra later died from his injury. State v. Darius Jones, No. W2003-02225-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 1111, at *3-5 (Tenn. Crim. App. Dec. 15, 2004), perm. to appeal denied (Tenn. May 2, 2005).

On direct appeal, this court remanded for the trial court to reconsider the defendant's sentences in light of Blakely and directed that "the trial court should revisit the issue of consecutive sentencing, placing its specific findings on the record." Id. at *36. This court also observed that the presentence report was not included in the appellate record, hindering its ability to properly review the issue. Id. The trial court conducted a remanded sentencing hearing, after which it sentenced the defendant to the minimum in the range for each offense for a total sentence of life plus fifty-four years. State v. Darius Jones, No. W2008-00101-CCA-R3-CD, 2009 WL 1741509, at *1 (Tenn. Crim. App. June 16, 2009). Both the assistant district attorney and defense counsel indicated to the trial court that it had already ruled on the issue of consecutive sentencing. Id. Due in part to this misinformation from counsel, the trial court did not make specific findings as to why the defendant should serve his sentences consecutively. Id. at *2. On direct appeal following the resentencing hearing, this court again remanded for the trial court to conduct another sentencing hearing and make findings as to why the defendant's sentences should be served consecutively. Id.

The trial court conducted a resentencing hearing on April 15, 2010, at which it relied on its previous findings and the defendant's presentence report, both of which were entered into evidence, to again impose consecutive sentences. In its findings, the court determined that the defendant had an extensive record of criminal activity and was also a dangerous offender.

# ANALYSIS

The defendant challenges the trial court's imposition of consecutive sentences. When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses, (h) any statements made by the accused in his own behalf, and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2006); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2006), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

Tennessee Code Annotated section 40-35-115(b) provides that it is within the trial court's discretion to impose consecutive sentencing if it finds by a preponderance of the evidence that any one of a number of criteria applies, including that "the defendant is an offender whose record of criminal activity is extensive" or "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(2), (4) (2006). When a trial court bases consecutive sentencing upon its classification of the defendant as a dangerous offender, it is required to make further findings that the aggregate length of the defendant's sentence reasonably relates to the severity of his offenses and is necessary to protect the public from further criminal conduct of the defendant. State v. Lane, 3 S.W.3d 456, 460-61 (Tenn. 1999); State v. Wilkerson, 905 S.W.2d 933, 937-38 (Tenn. 1995). The trial court must "specify the reasons" behind its imposition of a consecutive sentence. See Tenn. R. Crim. P. 32(c)(1). The criteria listed

in section 40-35-115(b) are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing.

As noted above, the trial court imposed consecutive sentences based on a finding that the defendant was an offender whose record of criminal activity is extensive and a dangerous offender whose behavior indicated little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. With regard to its finding that the defendant was an offender whose record of criminal activity is extensive, the court noted that its determination was based on this court's precedents holding that the trial court can consider the offenses for which a defendant is presently being sentenced.

With regard to finding the defendant a dangerous offender, the trial court observed that the defendant "systematically terrorized a group of friends" by engaging in a home invasion and shooting anyone who did not have money. The court recalled that the defendant confessed to the police that he and his co-defendant had spent the evening "'looking for someone to rob,'" and "[w]ho was to be victimized was unimportant to the defendant." The court determined that the aggregate length of the defendant's sentences reasonably related to the severity of the crimes he committed in that he "randomly chose a home to invade, robbed his victims at gun point, and shot the men who could not oblige." The court also determined that the "defendant's determination to engage in criminal conduct for cash at the expense of human life results in the belief of the Court that a consecutive sentence is necessary to protect the public from the defendant."

We have previously held that the "[c]urrent offenses may be used in determining criminal history for the purposes of consecutive sentencing." State v. Carolyn J. Nobles, No. M2006-00695-CCA-R3-CD, 2007 WL 677861, at *12 (Tenn. Crim. App. Mar. 7, 2007) (citing State v. Cummings, 868 S.W.2d 661, 667 (Tenn. Crim. App. 1992)). Cummings presented a situation where a defendant had no prior criminal record but pled guilty to eight offenses. 868 S.W.2d at 663-64. In that case, this court affirmed the trial court's imposition of consecutive sentences on the basis of the defendant's having an extensive record of criminal activity. Id. at 667. Other panels of this court have also affirmed in similar scenarios. See, e.g., State v. Mark Robert Carter, No. M2007-02706-CCA-R3-CD, 2009 WL 1349206, at *10 (Tenn. Crim. App. May 14, 2009), perm. to appeal denied (Tenn. Sept. 28, 2009); Carolyn J. Nobles, 2007 WL 677861, at *12; State v. Brian Lee Cable, No. E2005-00608-CCA-R3-CD, 2006 WL 1381484, at *8 (Tenn. Crim. App. May 19, 2006), perm. to appeal denied (Tenn. Sept. 25, 2006); State v. Monsanto Undrez Cannon, No. M2005-01258-CCA-R3-CD, 2006 WL 16324, at *5 (Tenn. Crim. App. Jan. 4, 2006); State v. Rachel N. Bennett, No. M2002-01215-CCA-R3-CD, 2003 WL 1562090, at *3 (Tenn. Crim. App. Mar. 26, 2003); State v. Daryl Adrian Benjamin Ingram, No. W2002-00936-CCA-R3-CD, 2003 WL 721704, at *3 (Tenn. Crim. App. Feb. 26, 2003),

perm. to appeal denied (Tenn. Sept. 2, 2003).  Here, the defendant stands convicted of eleven felony offenses in addition to his prior criminal history consisting of a host of misdemeanor offenses.

The defendant argues, without citation to any authorities, that because his convictions were the result of one criminal episode and not multiple criminal acts on different days, the trial court erred in using the extensiveness of his criminal history as a basis for consecutive sentencing.  We presume the basis for this argument is the "twenty-four-hour merger rule" found in Tennessee Code Annotated sections 40-35-106(b)(4), -107(b)(4), and -108(b)(4), which provides for purposes of determining the number of prior convictions to ascertain a defendant's offender status, "[e]xcept for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury to the victim or victims, or convictions for the offense of aggravated burglary . . ., convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction[.]"  Id.  However, our research has revealed no instance where this rule has been applied in the context of consecutive sentencing, and all of the defendant's offenses fall within the exceptions to the rule.  Moreover, this argument was specifically rejected by our supreme court in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976) (holding that "the single criminal episode concept . . . is irrelevant to a determination of whether to impose consecutive sentencing").

Although only one ground is required to justify consecutive sentencing, the trial court also found that the defendant qualified as a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high.  The court also made the additional findings that an extended sentence was necessary to protect the public from further criminal conduct by the defendant and that the length of the sentence reasonably related to the seriousness of the offenses.  These findings by the trial court are certainly supported by the record.

The defendant contends that virtually all murders and robberies involve a risk to human life; therefore, "[a]pplying consecutive sentencing based on these elements and facts alone disregards the consecutive sentencing statute."  However, the record shows that the trial court based its findings on the aggravated circumstances of the defendant's commission of the crimes, not solely on the inherent dangerous nature of his offenses.  See Gray, 538 S.W.2d at 393 (holding that the imposition of "consecutive sentences when crimes inherently dangerous are involved should be based upon the presence of aggravating circumstances and not merely on the fact that two or more dangerous crimes were committed"); see also State v. Jennifer Strevel, No. 03C01-9606-CR-00249, 1997 WL 154077, at *11 (Tenn. Crim. App. Apr. 3, 1997).  We conclude that the trial court did not abuse its discretion in ordering consecutive sentencing in this case.

In addition, as he argued in his previous direct appeal of the consecutive sentencing issue, the defendant argues that Tennessee's sentencing scheme with regard to consecutive sentencing violates the Sixth Amendment in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He argues that our supreme court's decision in <u>State v. Allen</u>, 259 S.W.3d 671 (Tenn. 2008), which concluded otherwise, should be overturned. However, as we ruled previously, it is not the province of this court to overturn decisions of our supreme court; therefore, the defendant is not entitled to relief on this issue.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the trial court's imposition of consecutive sentencing.

_____
ALAN E. GLENN, JUDGE