**STATE of Tennessee, Appellee,**

v.

**Elgain Ricky WILSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 17, 1986.

Permission to Appeal Denied by Supreme Court March 24, 1986.

W.J. Michael Cody, Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., John Zimmermann, Edward Barnard, Asst. Dist. Attys. Gen., Nashville, for appellee.

Richard McGee, Lionel R. Barrett, Jr., P.C., Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

Elgain Ricky Wilson entered a plea of guilty in the Davidson County Criminal Court to the offenses of murder in the first degree, armed robbery, and two counts of assault with intent to commit robbery. He was sentenced as a Range II, persistent offender, to life imprisonment, fifty (50) years, and two fifteen (15) year sentences, respectively, with the life sentence and the fifty (50) year sentence to be served consecutively. He contends the trial judge erred in ordering consecutive sentences.

The trial court found no mitigating factors present in this case. Several of the enhancement factors enumerated in T.C.A. § 40–35–111 were apparent in the record. He examined the circumstances of the offense, defendant's criminal record, and his social history. He found defendant to be a persistent offender, a multiple offender, and a dangerous offender.

There is evidence in the record to show defendant and Stephen Crutcher went out on January 4, 1984 to find someone to rob; defendant took his gun. They stopped near Jimmy Kelly's Restaurant in Nashville when they saw the victims park their car and walk toward the restaurant. De-

fendant ran past the group, grabbing the purse under Margaret Meier's arm and striking Joe White in the face with his gun. He continued past them turned and pointed the gun in their direction. Crutcher tried to grab Ann White's purse from behind, and yelled out. Defendant fired the gun, fatally wounding Edward Meiers. None of the victims had made any movement towards him before the shot was fired, nor had any one of them touched him in any manner. Defendant has four (4) forgery convictions as an adult, and a long record of criminal activity in his juvenile years. He has a history of drug and alcohol abuse, and claimed he was intoxicated on drugs and alcohol when he committed this crime.

The evidence fully supports the trial court's classification of defendant under the standards set in *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976). Defendant planned the commission of a crime using a deadly weapon; he was the principal actor in this offense; his victims offered no resistance and did not threaten him in any manner to warrant intentionally injuring one person and killing another. The circumstances of the offense were sufficiently aggravating beyond their inherently dangerous nature to justify the imposition of consecutive sentencing.

The judgment of the trial court is affirmed.

DUNCAN, J., and JOHN D. TEMPLETON, Special Judge, concur.