IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2017

**STATE OF TENNESSEE v. ELGAIN RICKY WILSON**

**Appeal from the Criminal Court for Davidson County**
**No. 84-W-201    Seth Norman, Judge**

_____

**No. M2016-02247-CCA-R3-CD**

_____

The Defendant, Elgain Ricky Wilson, pleaded guilty to first degree felony murder, armed robbery, and two counts of assault with the intent to commit armed robbery in 1984 and received an effective sentence of life imprisonment plus fifty years. Almost thirty-two years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence because although the indictment alleged the murder victim was killed when the victim was being robbed, the evidence showed the murder victim was killed during the robbery of another person. As a result, the Defendant argued that his guilty plea was unknowing and involuntary and that he received the ineffective assistance of counsel. The trial court summarily dismissed the motion after determining that the Defendant's motion failed to state a colorable claim for relief because the motion was not based upon the imposition of an illegal sentence but rather upon insufficient evidence and the ineffective assistance of counsel. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Elgain Ricky Wilson, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In January 1984, the Defendant was indicted, in relevant part, for the first degree felony murder of Edward Meirs, which was alleged to have occurred when Mr. Meirs was robbed, the armed robbery of Margaret Meirs, the assault of Joseph White with the intent to

commit armed robbery, and the assault of Anne White with the intent to commit armed robbery. In July 1984, the Defendant pleaded guilty to the charged offenses, and the trial court ordered partial consecutive sentences, resulting in a sentence of life imprisonment plus fifty years. He appealed the trial court's imposition of consecutive sentences, and this court affirmed the judgments of the trial court. *See State v. Elgain Ricky Wilson*, 710 S.W.2d 539 (Tenn. Crim. App. 1986).

On July 1, 2016, the Defendant filed a motion to correct an illegal sentence and/or illegal conviction pursuant to Tennessee Criminal Procedure Rule 36.1. In the motion, the Defendant contended his sentences and convictions were a "nullity and illegal" because his guilty plea to felony murder was based upon "insufficient evidence [because] Mr. Edward Meirs was never killed in the perpetration of a robbery as charged in the indictment." The Defendant argued the evidence showed that Margaret Meirs was the robbery victim and that Joseph and Anne White were victims of assaults with the intent to commit robberies. The Defendant noted that the indictment count alleging first degree felony murder stated that Mr. Meirs was killed during the commission of the robbery of Mr. Meirs. The Defendant asserted that because Mr. Meirs was killed during the robbery of Mrs. Meirs, insufficient evidence supported his guilty plea and conviction for felony murder, that his guilty plea was unknowing and involuntary, and that his sentences were illegal. The Defendant also asserted that trial counsel coerced and threatened the Defendant that he could receive the death penalty if the case went to trial and that therefore, his guilty plea was involuntary and that he received the ineffective assistance of counsel.

On October 10, 2016, the trial court summarily dismissed the Defendant's motion. In its written order, the court found that the Defendant's allegations were related to sufficiency of the evidence and ineffective assistance of counsel and that the allegations, even if true, did not merit relief pursuant to Rule 36.1. This appeal followed.

The Defendant contends that the trial court erred by summarily dismissing his motion. He argues that his motion states a colorable claim for relief on the same grounds stated in his motion. The State responds that the trial court properly dismissed the motion. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

-2-

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

The record reflects that the Defendant's allegation relative to whether the evidence showed Mr. Meirs was killed when he was being robbed is an attack on the sufficiency of the evidence supporting his felony murder conviction. In essence, his allegation is an attack upon his conviction, not his sentence. "[T]he purpose of this . . . Rule is to provide an avenue for correcting allegedly illegal sentences" and "does not provide an avenue for seeking the reversal of convictions." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622 at *2 (Tenn. Crim. App. Mar. 31, 2014). The Defendant's allegation is not a fatal error as contemplated by Rule 36.1. The Defendant's allegation, even if true, is an appealable error that would not render the sentence illegal and void pursuant to Rule 36.1. To the extent that the Defendant argues the indictment is defective, this, even if true, is also an appealable error that would not render the sentence illegal and void under Rule 36.1. The Defendant is not entitled to relief.

In reaching this determination, we have not overlooked the Defendant's allegation that he is entitled to Rule 36.1 relief because he received the ineffective assistance of counsel and because his guilty pleas were involuntary and unknowing. These allegations are also not fatal errors for purposes of Rule 36.1 relief but rather are appealable errors that do not render a sentence illegal. *See Wooden*, 478 S.W.3d at 595. Allegations of this nature are properly addressed in a petition for post-conviction relief. As a result, the Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE